Dwight, P. J., and Lewis, J., concurred.

Judgment ordered on the submission for the plaintiff as to the principal of her deposits; and for the defendant as to interest on sums in excess of three thousand dollars.

---

WILLIAM P. COLVIN, Respondent, v. THE UNITED STATES MUTUAL ACCIDENT ASSOCIATION OF THE CITY OF NEW YORK, Appellant.

*Accident insurance — reinstatement of lapsed policy — remittance of premium by mail.*

Where an accident insurance policy had lapsed, and the company wrote to the insured a letter stating that if he would "remit" his check for a certain amount the company would reinstate his policy and carry it for a certain period, and the insured mailed a check for the specified amount to the company on the evening of the day of the receipt of its letter, and was accidentally injured the next day while the check was on its way, by post, to the company, which received it the day after the accident.

*Held,* that the word "remit" in the company's letter implied, in the absence of any specific direction as to the mode of sending the check, a direction to send it by mail; that the deposit of the check in the mail, in pursuance of that direction, was an acceptance by the insured of the condition of reinstatement stated by the company, and the contract of reinstatement was then complete, and that the policy was thereby reinstated and an action for the amount payable by its terms, in case of an accident, could be maintained.

APPEAL by the defendant, The United States Mutual Accident Association of the City of New York, from a judgmet of the Supreme Court, entered in the Monroe county clerk's office July 21, 1892, in favor of the plaintiff on the verdict of a jury at the Monroe circuit, directed by the court, and from an order denying the defendant's motion for a new trial made upon the minutes of the court, entered in said clerk's office July 21, 1892.

*M. W. Cooke*, for the appellant.

*Norris Bull*, for the respondent.

MACOMBER, J. :

The defendant, by its policy of insurance, on the 4th day of May, 1889, insured the plaintiff against personal bodily injuries which might be received through external, violent and accidental means, in the sum of twenty-five dollars per week, for a time not to exceed fifty-two consecutive weeks, provided such disability wholly disabled him from transacting any and every kind of business, pertaining to his occupation, immediately and continuously after the receipt of such injuries. This policy lapsed July 20, 1889, through the omission of the insured to pay the dues or premiums required as a condition of its existence. But, on the 5th day of August, 1889, the plaintiff received from the defendant a letter, stating that though it had so lapsed on the day above mentioned, yet, if the plaintiff would remit to the defendant his check in the sum of four dollars, with exchange, the company would reinstate the plaintiff, and carry his policy until September. In the same letter the plaintiff was requested to return to the defendant the same letter, with the check. At 11.30 o'clock in the evening of August fifth, the plaintiff duly mailed his check to the defendant, dated that day, drawn upon the Merchants' Bank of Rochester, payable to the order of the secretary and manager of the defendant in the sum of four dollars and fifteen cents, being the amount of the sum demanded by the defendant for reinstating the plaintiff, together with fifteen cents exchange thereon. This check was received by the defendant on August 7, 1889, and was duly collected in the regular course of business, and the money has since been retained by the defendant. The injury to the plaintiff happened at two o'clock in the afternoon of August 6, 1889, while this remittance was on its way to New York by post.

The argument made by the learned counsel for the defendant is, that the deposit of the letter in the post-office at Rochester on the night of August fifth, was not a payment, and that the plaintiff was not reinstated to membership in the defendant's company until the actual receipt of such check, namely, on the 7th day of August, 1889. If this contention be upheld, there can be no recovery in this case, because, under one of the by-laws and regulations of the company to which the plaintiff subscribed, there could be no indemnity obtained against the defendant for injuries or loss of time sustained between the time of the forfeiture and the reinstatement of the member. But we do not deem the position taken by counsel tenable. The letter itself written by the defendant before and received by the plaintiff on the fifth day of August, was not produced upon the trial. It had been returned by the plaintiff to the defendant in pursuance of the latter's request. Hence, the defendant refusing to produce it, secondary evidence of its contents was given. The substance of the letter so given by oral testimony was as follows : "Your certificate under such a number lapsed July twentieth, and if you will remit us your check for four dollars, and exchange, we will reinstate you and carry your policy in force until some day in September."

We think that the deposit in the post-office was in pursuance of the direction given by the letter, and was an acceptance by the plaintiff of the terms of the proposition made by the defendant for reinstatement. The word "remit" means to send back, and in the absence of any specific direction as to the mode of sending the check there would necessarily be implied a direction to send it in the usual way, namely, by mail. The contract as contained in this letter was not that upon the receipt and payment of the check the company would reinstate the plaintiff to membership ; but it was that if the plaintiff would *remit* to the defendant his check for four dollars, with exchange, such reinstatement should take place. He did remit it and he was thereby, in our judgment, effectively, reinstated as a member. No further act by either party was required to complete the fact of remittance. The contract was complete, upon the mailing of the letter containing the check, and hence for the injuries received while the letter was in transit, and before it reached the defendant, an action may be maintained. This doctrine is elemen-

tary as applied to contracts in general when made by mail. But for authority, when applied to this particular description of contracts, see *Taylor* v. *Merchants' Fire Insurance Company* (9 How. [U. S.], 390).

It follows that the judgment and order appealed from should be affirmed.

DWIGHT, P. J., and LEWIS, J., concurred.

Judgment and order appealed from affirmed.