## POSTAL INDEMNITY CO. v. RUTHERFORD.

No. 4127.

Court of Civil Appeals of Texas. Texarkana.

May 19, 1932.

O'Neal & Harper, of Atlanta, for appellant.

Carney & Carney, of Atlanta, for appellee.

SELLERS, J.

This suit was originally instituted in the justice court in precinct No. 7, Cass county, Tex., for the sum of $167, alleged to be due the plaintiff, W. H. Rutherford, upon a certain sick and accident contract of insurance issued the plaintiff by the defendant, Postal Indemnity Company, on April 15, 1930, which policy provides:

"The term of this policy is for the periods paid for, as shown by the Company's Official Premium Receipt, and ends at 12 o'clock noon, Central Standard Time, on date of any renewal is due. This policy may be renewed by the advance payment of a quarterly, semi-annual or annual premium. A receipt signed by the Secretary shall be the only evidence binding upon the Company of the payment of a premium.

"If a default be made in the payment of the agreed premium for this policy, the subsequent acceptance of the premium shall be optional with the Company and if accepted shall reinstate the policy, but only to cover "such injuries" and sickness as may begin more than ten days after the date of such acceptance."

The premium on this policy was paid quarterly, and on July 15th, the date the second quarterly premium was due, the plaintiff deposited his check, together with a notice received by him from the company advising him of the date when the premium was due and instructing him to return the notice with his remittance, in the post office at Atlanta, Tex. The letter containing the check and its notice was received by the company at its home office in Dallas, Tex., on July 18, 1930, and the check was forwarded, and in due course of business was paid by the bank on which it

was drawn, and the money received thereon was then applied in payment of the amount of premium payable. The citation issued out of the justice court states the nature of plaintiff's demands to be:

"Plaintiff alleges that he holds a sick and accident policy in the Postal Indemnity Company, said policy being No. C-110063, and providing that the insurance company will pay to the insured the sum of $100.00 per month for total disability resulting from sickness or accident, and $50.00 per month for partial disability resulting from sickness or accident; that plaintiff became sick on or about July 20th, 1930, and was totally confined to his home for a period of 20 days; that plaintiff was partially confined to his home for a period of two months; that defendant became liable and bound to pay plaintiff the sum of $167.00, and which they have refused to pay and still refuse to pay."

On trial in the justice court, plaintiff recovered a judgment for the amount sued for, and the defendant appealed to the district court of Cass county, where the case was again tried de novo and resulted in a like judgment for the plaintiff, from which the defendant has duly prosecuted this appeal.

The appellant contends on this appeal that by the express provisions of the policy there was a forfeiture of the policy by the failure of the appellee to pay the quarterly premium due July 15th in cash at the home office of the company at Dallas, Tex., on or before 12 o'clock noon of such date, and that the acceptance of the check after that certain time on July 18, 1930, had the effect merely of reinstating the policy under the option clause expressly given the company, but under the terms of the policy appellee was not entitled under the reinstatement to recover for any sickness which did not begin more than ten days after such policy was reinstated. We have reached the conclusion that the appellant's contention must not be sustained.

Ordinarily a check mailed on the last day for payment of a renewal premium would not be regarded a timely payment of the premium unless it is established that it has been the custom of the insured to pay his premium in that way or that the company has led the insured to believe the check would be received as cash. 3 Cooley on Insurance, p. 2316; Joyce on Insurance (2d Ed.) §§ 114,

1164. Special circumstances, however, appear in this case that go to bring it within the exception to that general rule. In this case the supervising officer of the home office of the company at Dallas wrote the insured a letter inclosing therein a notice that the quarterly premium was due and payable on or before July 15, 1930. The letter was addressed to the insured at Atlanta, Tex., and reads in words: "Please return this notice with your remittance. Notify the Company of any change of address." (Signature follows.) It was in accordance with this letter that the insured at once on July 15th forwarded by mail to the company at Dallas the notice received by him and his check for the amount of the premium payable. From the language of that letter the trial court reasonably could have inferred, as the insured evidently did, a direction by the home office as to the mode of sending the premium due. The word "remittance" implied a direction not only to send a check as payment of the premium, but also to send through the ordinary channel, namely, by mail. See definition of "remit." Calvin v. United States Mut. Acc. Ass'n, 66 Hun, 543, 21 N. Y. S. 734; Primeau v. National Life Ass'n, 77 Hun, 418, 28 N. Y. S. 794; 6 Words and Phrases, Third Series, page 684. The word "remittance" would fairly contemplate a payment, as money by check. That is a usual and customary way of paying claims and debts. As laid down in 3 Cooley on Insurance, page 2316, where an insurance company invites patrons to transmit premiums by mail by directions in relation thereto, it will be inferred that the company intends to accept as payment checks, bills, and the like, mailed to it as money in due course. In such situation and in the absence of proof to the contrary, it is believed that the trial court was warranted in inferring as a fact that the home office intended to direct the sending of the check as payment of the premium due through the ordinary channel of the post office, and that in so doing the insured complied with the direction. This court would not be authorized to set side that finding of fact, as involved in the judgment of the trial court, and therefore the payment in this case could be regarded as made when the letter containing the remittance was deposited in the post office at Atlanta on July 15, 1930.

The judgment of the trial court is accordingly affirmed.