## FANT v. MILLER.

No. 6422.

Court of Civil Appeals of Texas. Texarkana.

Feb. 24, 1949.

Rehearing Denied March 30, 1949.

S. I. Cornett, of Linden, for appellant.

Vera P. Street, of Terrell, for appellee.

WILLIAMS, Justice.

This is a suit for cancellation of a lease contract between R. P. Fant, appellant, and D. S. Miller, appellee, for the recovery of the leased premises by R. P. Fant, the owner thereof, by reason of the alleged breach of the rental contract in certain respects. The case was tried to the court without the intervention of a jury and from a judgment entered in favor of Miller by the court below R. P. Fant has perfected this appeal.

On September 4, 1945, R. P. Fant, the owner of the George Hotel in Linden, Texas, entered into a contract with D. S. Miller under the terms of which Fant leased the George Hotel and its contents to Miller for a period of five years for the sum of $250.00 rental per month, the first payment to be paid December 4, 1945, and each successive monthly rental payment to be made on or before the 4th day of each month thereafter. The contract provided that upon a failure on the part of the lessee to pay any monthly rental on its due date, on or before the 4th day of each month, the lessor had the right to declare the contract forfeited and to terminate it without delay. On the 25th day of February, 1948, R. P. Fant sued D. S. Miller, seeking a cancellation of the rental contract in question on the ground that Miller had failed to pay the monthly rental in cash on the 4th day of February, 1948, as well as for his failure to tender the rental due in cash on the 4th day of March and April. As a further ground of relief Fant alleged in his pleadings that Miller, the lessee, failed to keep the premises in a tenantable condition as required by the terms of the lease contract. Miller paid the rent in advance on December 4, 1945, and at the same time a good faith deposit was made with Fant, both items being paid by personal check. Thereafter, for twenty-four consecutive months, to January 4, 1948, the checks for the rent were mailed to Fant, which were accepted as payments for the rent due; then, on February 4, 1948, the check due on that date was placed in the mail and was received by Fant on the next day. The following day, February 6, 1948, the attorney for R. P. Fant wrote a letter to Miller as follows:

"February 6th, 1948.

Mr. D. S. Miller,

Logansport, La.

Dear Mr. Miller:

The check forwarded by you in favor of R. P. Fant, for the rental due him for use of the George Hotel for period beginning February 4th, 1948, and ending March 3rd, 1948, in the sum of $250.00, postmarked at Logansport, Louisiana, at 6 P. M. February 4th, has reached Mr. Fant at Post Office here on the 5th day of February, 1948. This, as his attorney he has left with me with request that I mail it back to you, as not being in accord with the lease contract which provides that the monthly rentals shall be paid to him on the 4th day of each month. Then again the tender of a personal check is not, as a matter of law, we think equivalent to a tender of currency.

For the above reason, and the further reason that the covenants in said lease providing for carpeting the floors of the hotel have not been complied with, Mr. Fant has determined to forfeit this lease, and you are so notified. If you do not care to yield up the possession peaceably, then I am instructed to file suit in his behalf for a forfeiture of such lease contract between himself and you, a duplicate copy of which was delivered to you at the time of the execution thereof, the original of which has been recorded in the County Clerk's office here in Linden. Please let us know at once

as to whether or not we shall be compelled to take legal steps to again repossess this property.

Very truly, "

It appears from this letter that Fant declared the lease terminated by reason of the fact that a personal check, instead of cash, was sent him and arrived on February 5th, 1948, together with the further contention that the hotel floors had not been carpeted under the terms of the lease contract as Fant construed them. In March, April, and May, 1948, personal checks were mailed to Fant for the rent due for these months.

■ In view of the letter of February 6, 1948, from Fant's attorney to Miller in which he declared the lease contract terminated for alleged breaches thereof, the legal rights of the parties became fixed as of that date insofar as they pertained to the alleged violation of the contract on the part of Miller. What happened thereafter as to checks being sent to Fant in payment of subsequent rent due is of no moment. Miller was not required to do a useless thing, and having been notified by Fant that the lease had been forfeited and that suit was to be filed to regain possession of the rented premises, it was unnecessary on the part of Miller to make further tenders of the rent until the legal rights of himself and of Fant had been established.

■ With respect to whether or not the check for the rent due on February 4th, 1948, constituted legal tender the fact that Fant had accepted similar checks over a period of two years without protest established a custom or course of dealing between him and Miller, and Fant, without prior notice to Miller that his personal checks would no longer be acceptable, could not declare a forfeiture of the contract on that ground. This rule of law is now uniformly recognized. 40 Am.Jur. p. 737, sec. 36, with respect to the principle of law in question says:

"It is firmly established that payment may be made by mail where, by the creditor's express direction or assent, the usual course of dealing between the parties, or other facts from which such direction or assent may be inferred, the creditor has au-

thorized the money to be thus delivered to him. In such a case, the posting of a letter inclosing the remittance as directed constitutes payment, although the letter is lost, and a delay of the remittance in the mail will not result in a forfeiture or loss of the rights through non-payment." See also 32 Tex.Jur., p. 631, Sec. 3, 48 C.J., p. 594, Sec. 9.

"Ordinarily a check mailed on the last day for payment, not received on that day, is not a timely payment, unless there is established a custom of the debtor to pay in that way, or the creditor has led him to believe that the check will be received as cash. But where the remittance by mail is authorized, payment is made when a letter containing the remittance properly addressed and with postage prepaid is deposited in the mail." 32 Tex.Jur. p. 631. The check for the rent due on February 4, 1948, having been placed in the mail on that date, although not received by Fant until the following day, constituted payment in time. Postal Indemnity Co. v. Rutherford, Tex.Civ.App., 49 S.W.2d 1115.

■ The contract in question provided that the guest rooms of the hotel should be carpeted by Miller before the expiration of the primary term specified in the contract, unless the lease should be forfeited for some reason, in which event Miller should be liable for the value of such carpeting to be installed. In view of our holding that the contract has not been breached by Miller, he has until the end of the period specified in the contract in which to carpet the guest rooms. In his findings of fact the trial court found, with ample support in the evidence, that the inside of the hotel had been maintained by Miller in the usual and customary manner, ordinary wear and tear, etc., excepted, and that therefore the contract had not been breached by reason of a failure to use due diligence in preserving the property. In this connection, it may be noted that the testimony indicated that the shower baths had been re-cemented, painting had been done as needed, and that stoves were adjusted when necessary; rubber hose stove connections had been replaced with copper tubing; certain furnitures had been upholstered; shower cur-

tains had been installed, as well as window shades; plumbing leaks had been repaired, as well as various other improvements effected.

Various points of error are assigned by appellant because of the failure of the trial court to make certain fact findings upon request supplementing the findings filed by him. All of these points have been examined carefully, and in view of our conclusions hereinabove reached they are overruled.

The judgment of the trial court is affirmed.