Carolyn J. DANIELS, Appellant,

v.

Donald Dale DANIELS, Appellee.

No. 7701.

Court of Civil Appeals of Texas.

·Amarillo.

March 20, 1967.

Rehearing Denied April 24, 1967.

———◆———

William T. Brownlee, Perryton, for appellant.

H. M. Hood, Borger, for appellee.

CHAPMAN, Justice.

Carolyn J. Daniels originated this suit for divorce against her husband, Donald Dale Daniels, for custody of their minor child, Devon Dale Daniels, and for child support. The husband answered the petition by a general denial of the allegations of plaintiff's petition and filed a cross-action himself for divorce and for custody of the minor child. Trial was to a jury, which found that the conduct of the husband toward the wife was not of such nature as to render their living together insupportable; that the conduct of Carolyn J. Daniels toward her husband constituted excesses, cruel treatment or outrages of such a nature as to render their further living together insupportable; and that considering only what would be for the best interests of the minor child, his best interests and welfare would be best served by placing

him under the care, custody and control of his father.

From such answers by the jury the court rendered a judgment for Donald Dale Daniels for divorce and custody of their minor child, subject to reasonable visitation by the mother under reasonable and proper circumstances and conditions. It is from such judgment appeal is perfected to this court upon four points of alleged error.

 The first three points of alleged error having not been made the basis of assignments of error in appellant's motion for new trial, they cannot be made the basis of points of error on appeal, since none of the exceptions are present which are set out in Rule 324, Vernon's Ann.Texas Rules of Civil Procedure, to the prerequisite that points of error on appeal must be based on assignments of error in the motion for new trial in jury cases. Rule 324, V.A.T.R.; Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887 (1960).

Assignments of error as to the evidence of which parent was a fit and proper person to have the care, custody and control of the minor child were made in the motion for new trial but no points are brought forward in the brief on those questions. Therefore, they are not before us.

The only point brought forward upon which a proper predicate was laid in the motion for new trial so as to entitle the point to be considered by this court on appeal is Point 4 stating: "The trial court erred in refusing to permit appellant to cross-examine the appellee regarding his draft and military status which is material to the question of custody of the minor child."

We hold the point is without merit. In the first place counsel for appellant proved by Mr. Daniels what his draft status was at that time and what the board had advised him before an objection was lodged to the testimony. Secondly, the

jury found that the mother was not a fit and proper person to have the custody of the child. No point is brought forward on the sufficiency of the evidence to support that finding by the jury. Thirdly, the father testified if he were awarded the custody of his child he would take him to the home of his parents who live on a farm in Missouri. That farm family shows in the record to be a wholesome, middle-class, hard-working farm family with a seven-room modern farm home. There was sufficient evidence to support the jury finding that the welfare of the child would be better served in that home than in the trailer-house environment surrounding the mother.

Accordingly, the judgment of the trial court is affirmed.