**BEACON NATIONAL INSURANCE CO.,**
Appellant,

v.

**Walter YOUNG et al., Appellees.**

No. 17340.

Court of Civil Appeals of Texas.

Dallas.

Nov. 28, 1969.

Rehearing Denied Dec. 29, 1969.

Joe E. Shaddock, Wichita Falls, for appellant.

Jim Foreman, Baker, Foreman & Boudreaux, Dallas, for appellees.

BATEMAN, Justice.

The appellees Walter Young and Velma Williams, having recovered judgments against Willard G. Davis for injuries received by them in a collision with an automobile owned by Mattie M. Davis, but operated with her permission by her husband Willard G. Davis, brought this suit against appellant Beacon National Insurance Company, alleging that it had insured Mattie M. Davis, and any other person using her automobile with her permission, against such liability. Appellant's defense was that it had cancelled the policy prior to the collision. The policy provided that it might be cancelled by the company by written notice and that the mailing of such notice to the named insured at the address shown in the policy shall be sufficient proof of notice. The jury answered in the negative Special Issue No. 1 inquiring as to whether they found from a preponderance of the evidence that appellant so mailed the notice of cancellation. (This was the only issue answered by the jury, the other issues having been submitted conditionally upon an affirmative answer to No. 1.) The court rendered judgment upon this finding against appellant for the amounts of appellees' judgments against Willard G. Davis.

■ In its first point of error appellant complains of the overruling of its motion for summary judgment because it conclusively appeared from the affidavits in support thereof that the policy had been cancelled prior to the date of the accident. Without considering whether those affidavits were sufficient for that purpose, we overrule this point of error on the ground that the case comes within the general rule, announced in Ackermann v. Vordenbaum, 403 S.W.2d 362, 365, 15 A.L.R.2d 893 (Tex.1966), and Gulf, Colorado & Santa Fe Ry. Co v. McBride, 159 Tex. 442, 322 S.W.2d 492 (1959), that an interlocutory order overruling a motion for summary judgment is not reviewable on appeal.

■ Moreover, we find nothing in the transcript to indicate that the motion for summary judgment was ever presented to or acted on by the trial court. For this additional reason we hold that nothing in this respect is presented for review. 3 Tex.Jur.2d, Appeal and Error—Civil, § 159, p. 438; Johanning v. Moore, 331 S.W.2d 74, 76 (Tex.Civ.App., Waco 1959, writ dism'd).

Appellant's points of error Nos. 2 through 5 complain of the overruling of its motion for directed verdict and its motion for judgment notwithstanding the verdict. These are necessarily "no evidence points" and are without merit because there was evidence sufficient to raise a fact issue on the question of whether the policy was cancelled in accordance with its terms prior to the collision.

It appears from the undisputed evidence that Willard G. Davis was using his wife's automobile with her permission and was therefore an additional insured within the terms of her policy. The amounts of the judgments against Davis were within the policy limits. Appellant proved by its secretary James E. McCracken the system or routine used by appellant for the mailing of notices of cancellation, which was that when a premium becomes overdue ten days or two weeks, and it has been determined by the underwriter that the insured has been given ample opportunity to make pay-

ment, and he then orders cancellation, a certain clerk prepares the cancellation notice form, and, using the address reflected by the policy, mails it to the insured and also sends a copy of the notice to the agent. A third copy of the notice is certified to by the employee who takes the mail to the post office for mailing. These pieces of mail are listed on a "statement of mailing" form furnished by the post office department. The name of the sender is put at the top of this form, followed by a list of the addressees with their addresses. This form is handed to the post office clerk with the envelopes tied together or with a rubber band around them. The post office clerk checks each envelope against the entries on the statement of mailing, and places at the bottom of the page the number of pieces of mail received, accompanied by his name or initials. The statement of mailing for December 4, 1964 (the day appellant claims the notice in question was mailed) was introduced in evidence, showing the names and addresses of Mattie M. Davis and eighteen other addressees. Also shown thereon is the total number of pieces listed (19) and what purports to be the post office clerk's initials, together with a postage meter stamp showing the correct amount of postage having been paid for nineteen pieces of mail.

There was no direct testimony by the employees of appellant, or by the post office clerk, who handled this particular mailing, or by any of the eighteen other addressees of appellant's mail listed on the "statement of mailing." However, the recording agent testified that she received her copy of the notice, although it is noted that neither she nor her agency is listed on the aforesaid "statement of mailing." Both Willard G. Davis and Mattie M. Davis testified that they did not receive the notice of cancellation.

Appellant's points of error 2 through 5 are therefore overruled.

In its sixth point of error appellant complains of the overruling of its motion for new trial because there was no evidence to support the jury's finding. This point is without merit and is overruled. It is doubtless true that the evidence of mailing offered by appellant, though circumstantial, was sufficient to warrant a finding that the notice was mailed, Smith v. F. W. Heitman Co., 44 Tex.Civ.App. 358, 98 S.W. 1074 (Tex.Civ.App., Galveston 1907, writ ref'd), but this evidence, consisting largely of the testimony of interested witnesses, even if uncontradicted, does no more than raise a fact issue. This is the general rule, Cochran v. Wool Growers Central Storage Co., 140 Tex. 184, 166 S.W.2d 904, 908 (1942), and we find nothing in the record to bring the case within any exception thereto.

Moreover, both Mattie M. Davis and Willard G. Davis testified that the notice of cancellation was not received. If the jury believed this testimony (and apparently they did) they would have been entitled to infer therefrom that the notice had not in fact been mailed. Border State Life Ins. Co. v. Noble, 138 S.W.2d 119, 122 (Tex. Civ.App., El Paso 1940, writ dism'd jdgmt cor.); Texas Mut. Life Ins. Ass'n v. Burns, 92 S.W.2d 469, 472 (Tex.Civ.App., Waco 1936, writ dism'd Agr.); Mutual Life Ins. Ass'n of Texas v. Lillard, 5 S.W.2d 586, 588 (Tex.Civ.App., Amarillo 1928, writ dism'd).

By its point of error No. 7 appellant complains of the overruling of its motion for new trial "when the Jury's answer to Special Issue No. 1 was so against the overwhelming weight and preponderance of the evidence * * * as to be clearly wrong." In a case like this, where a motion for new trial is a prerequisite of appeal,* error not complained of in the motion for new trial is waived. Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887, 890 (1960); Daniels v. Daniels, 414 S.W.2d 207, 208 (Tex.Civ.App., Amarillo 1967, no writ);

---

* Rules 320, 321, 322, 324 and 374, Vernon's Texas Rules of Civil Procedure.

Burt v. Anderson, 408 S.W.2d 572, 574 (Tex.Civ.App., Austin 1966, no writ). We have carefully read the appellant's amended motion for new trial and do not find therein any assignment to the effect that the trial court erred in rendering judgment on the verdict because that verdict was so against the overwhelming weight and preponderance of the evidence as to be clearly wrong. For this reason the seventh point of error is overruled.

■ Even if we were permitted to consider the seventh point of error, it would nevertheless be overruled because after carefully reviewing the entire statement of facts we would be unwilling to hold that the jury finding in question was so against the overwhelming weight and preponderance of the evidence as to be manifestly wrong.

■ Appellant's eighth and ninth points of error are based upon the failure of the court to include in the charge to the jury the written instructions prescribed by the Supreme Court pursuant to Rule 226a, Vernon's Texas Rules of Civil Procedure. As held in Dealers National Ins. Co. v. Simmons, 421 S.W.2d 669, 675–676 (Tex. Civ.App., Houston 14th Dist.1967, writ ref'd n.r.e.), compliance with Rule 226a is important, but the error of the trial court in omitting it may be waived by a party by his failure to timely complain of same. Appellant had until May 12, 1969 in which to file the transcript. Rule 386, T.R.C.P. The transcript was timely filed on May 8, 1969, but contains no objections to the court's charge, no request for special instructions, no order overruling either and no bill of exceptions showing they were ever presented to the court.

■ On August 15, 1969, pursuant to an order of the trial court, a supplemental transcript was filed in this court containing appellant's objections to the court's charge, filed by the District Clerk on July 31, 1969. Appellees have filed a motion to strike this supplemental transcript on the ground that the objections to the court's charge contained therein were not filed within the time specified by Rule 272, T. R.C.P., and no good cause was shown or attempted to be shown to excuse the late filing.

Appellant's only reply to this motion is that the supplemental transcript was authorized by order of the trial court, pursuant to Rule 428, T.R.C.P., and that appellant complied with that part of Rule 272, T.R. C.P., reading as follows:

"The requirement that the objections to the court's charge shall be in writing will be sufficiently complied with if such objections are dictated to the court reporter in the presence of and with the consent of the court and opposing counsel, before the reading of the court's charge to the jury, and are subsequently transcribed and the court's ruling and official signature endorsed thereon and filed with the clerk in time to be included in the transcript."

When the evidence was closed counsel on both sides dictated their objections to the court's charge to the court reporter, in the presence of and with the consent of the court and each other. This was on November 13, 1968. However, appellant did not request the court reporter to transcribe such objections until July 30, 1969, more than eight months after they were dictated and more than seven months after judgment. The reporter promptly transcribed the objections and filed them on July 31, 1969, which was eighty days after the time for filing the transcript had expired. Moreover, the objections as finally transcribed do not have "the court's ruling and official signature endorsed thereon."

Appellant gives us no explanation of these failures to comply with the rules, and we have no authority to excuse them. We feel that we are required by the explicit and unambiguous provisions of the rules mentioned above, and such authorities as Cannon v. Canida, 321 S.W.2d 631, 635 (Tex.Civ.App., Texarkana 1959, writ ref'd

n.r.e.), and Grabes v. Reinhard Bohle Machine Tools, Inc., 381 S.W.2d 395, 397 (Tex.Civ.App., Corpus Christi 1964, writ ref'd n.r.e.) to hold, as we do, that appellant has waived its right to complain of the failure of the trial court to give the instructions provided for in Rule 226a, T.R.C.P. Accordingly, we sustain appellees' motion to strike the supplemental transcript and overrule appellant's eighth and ninth points of error.

Finding no reversible error, we affirm the judgment of the trial court.

Affirmed.