**AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA,**
**Appellant,**

v.

**James V. CONN, Appellee.**

**No. 3-87-008-CV.**

Court of Appeals of Texas,
Austin.

Oct. 28, 1987.

K. Blake Coffee, Bankston, Wright & Greenhill, Austin, for appellant.

James K. McClendon, Hilgers & Watkins, P.C., Austin, for appellee.

Before SHANNON, C.J., and BRADY and ABOUSSIE, JJ.

SHANNON, Chief Justice.

Appellee James V. Conn sued appellant American Casualty Company of Reading, Pennsylvania, in the district court of Travis County to recover collision benefits on a contract of automobile insurance. Both parties filed motions for summary judgment. The district court granted Conn's motion and denied that of the insurance company. This Court will reverse the judgment and remand the cause for trial.

Conn purchased an automobile insurance policy from appellant in April 1985. On November 3, 1985, Conn's automobile was damaged in a collision. The insurance company denied coverage on the basis that its policy lapsed because Conn failed to pay a premium payment as of October 23, 1985.

As principal basis for his motion for summary judgment, Conn asserted that he mailed the premium payment before the last day for payment and that he and the insurance company had customarily handled premium payments by mail. Although the parties disagree whether the insurance company gave Conn proper notice of cancellation, Conn admits that he received ac-

tual notice of imminent cancellation October 22, 1985, one day before the cancellation date. In support of his motion for summary judgment, Conn filed an affidavit swearing that "[o]n October 22, 1985, I mailed a check to [the insurance company] in a properly addressed envelope, postage prepaid, ... in the amount of $304.25 as payment to my automobile insurance policy."

The insurance company attacks the summary judgment claiming that, even if the "mailbox rule" applies, Conn's summary judgment proof concerning his timely mailing of the premium installment is insufficient. We sustain the point. The affirmance of a summary judgment depends upon whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. "The provisions of Rule 166–A are applicable alike to defendants and plaintiffs who move for summary judgment; the judgment sought should be granted, and if granted should be affirmed, *only* if the summary judgment record establishes a right thereto as a matter of law." *Gibbs v. General Motors Corporation,* 450 S.W.2d 827 (Tex.1970).

■ Ordinarily, simply *mailing* a premium check before the last day for payment is not sufficient to constitute timely payment. *Fant v. Miller,* 218 S.W.2d 901, 903 (Tex.Civ.App.1949, writ ref'd n.r.e.); *Postal Indemnity Co. v. Rutherford,* 49 S.W.2d 1115, 1116 (Tex.Civ.App.1932, no writ). Nevertheless, when remittance by mail is customary or authorized by the insurance company, "performance is completed when a letter containing the remittance, properly addressed, is deposited in the mail." *United Savings Life Insurance Co. v. Coulson,* 560 S.W.2d 211 (Tex.Civ.App.1978, writ ref'd n.r.e.); *accord, Southland Life Insurance Co. v. Greenwade,* 143 S.W.2d 648 (Tex.Civ.App.1940), *aff'd,* 138 Tex. 450, 159 S.W.2d 854 (Tex.Comm'n.App.1942) (op. adopted); *Fant, supra.*

To come within the so-called mailbox rule for summary judgment purposes, it was Conn's burden to establish, as a matter of law, that remittance of premium payments by mail was customary between him and the insurance company and that, indeed, he mailed the premium payment before the last day for payment. Conn claims that his affidavit asserting that he mailed the premium payment on October 22, 1985, the day before the date of cancellation, establishes compliance with the mailbox rule as a matter of law.

The insurance company reminds the Court that Conn's affidavit was that of an interested witness and could not have been readily controverted by it.

> A summary judgment may be based on uncontroverted testimonial evidence of an interested witness ... if the evidence is clear, positive and direct, otherwise credible, and free from contradictions and inconsistencies, *and could have been readily controverted.*

Tex.R.Civ.P.Ann. 166–A (Supp.1987) (Emphasis supplied).

■ Without doubt, Conn had a unique and exclusive knowledge of "the date" of mailing of the insurance premium payment. Conn suggests that the insurance company could have controverted his proof if it had retained the envelope bearing the postmark from his mailing. Because the insurance company did not retain the envelope, and had no duty to do so, Conn's suggestion is purely academic. Resolving all doubts in favor of the non-movant, *Wilcox v. St. Mary's University of San Antonio,* 531 S.W.2d 589 (Tex.1975), this Court has concluded that Conn's affidavit is insufficient to establish as a matter of law that Conn mailed the premium payment before the date of cancellation.

Conn claims further that the insurance company failed to challenge the sufficiency of his summary judgment proof in the district court and cannot raise the issue for the first time in this Court. Tex.R.Civ.P. Ann. 166–A(c) (Supp.1987). The non-movant, however, needs no answer or response to the motion to contend on appeal that the grounds expressly presented to the trial court are insufficient *as a matter of law* to support summary judgment. *City of Houston v. Clear Creek Basin Authority,*

589 S.W.2d 671, 678 (Tex.1979). In *Bankers Commercial Life Insurance Co. v. Scott,* 631 S.W.2d 228 (Tex.App.1982, writ ref'd n.r.e.), the court held that interested party affidavits were insufficient as a matter of law to support a summary judgment and, as such, no response was required.

Conn also urges that the insurance company judicially admitted that Conn mailed the premium payment the day before the policy cancellation date. Conn bottoms this claim on several sentences in the insurance company's "Motion for Summary Judgement and Response to Plaintiff's Motion for Summary Judgment." Conn points out that the insurance company pleaded:

\*　　\*　　\*　　\*　　\*　　\*

The summary judgment evidence set out below and attached hereto establishes conclusively that there is no genuine issue as to the facts set forth above....

\*　　\*　　\*　　\*　　\*　　\*

The pleadings, depositions, and interrogatories on file in this case, together with [other summary judgment evidence], *and the Affidavit* of [Conn] ... all establish that there are no genuine issues of material facts [sic] in this case....

\*　　\*　　\*　　\*　　\*　　\*

■ It is true that summary judgment may be proper when a "party pleads facts which constitute a judicial admission entitling the movant to judgment." *Daves v. State Bar of Texas,* 691 S.W.2d 784 (Tex. App.1985, ref'd n.r.e.); *see Porter v. Lumberman's Investment Corp.,* 606 S.W.2d 715 (Tex.Civ.App.1980, no writ). Before a pleading may be deemed a judicial admission, it must be "deliberate, clear and unequivocal." *Utica Mutual Insurance Co. v. Bennett,* 492 S.W.2d 659 (Tex.Civ.App. 1973, writ dism'd); *see United States Fidelity & Guaranty Co. v. Carr,* 242 S.W. 2d 224 (Tex.Civ.App.1951, writ ref'd). The allegations in the insurance company's motion for summary judgment have only the most oblique reference to Conn's contention that he timely mailed the premium. The most that may be said is that the insurance company asserted that the facts in Conn's affidavit, under the insurance

company's view of the mailbox rule, were immaterial. The insurance company's motion cannot be said to clearly and unequivocally concede the truth of the facts alleged by Conn.

As an alternative ground for summary judgment, Conn asserted that the insurance company waived its right to insist upon cancellation of the insurance contract for non-payment. Because the summary judgment could have been predicated upon Conn's waiver theory, the insurance company was required to attack the summary judgment and demonstrate that the judgment could not be supported upon the basis of waiver.

■ Whether the insurance company waived its right to insist upon cancellation depends upon whether conduct of the company showed intentional relinquishment of a known right or intentional conduct inconsistent with claiming it. *Massachusetts Bond & Ins. Co. v. Orkin Exterm. Co.,* 416 S.W.2d 396, 401 (Tex.1967). Conn's only summary judgment proof bearing on the intentional relinquishment of a known right (waiver) is that before the collision the insurance company cashed Conn's draft without restrictive endorsement.

The determination of "intent" is inherently factual. "When statements and circumstances are subject to more than one inference or interpretation, that version most favorable to [the non-movant] must be accepted." *Valley Stockyards Co. v. Kinsel,* 369 S.W.2d 19 (Tex.1963); *see also Kolb v. Texas Employer's Insurance Ass'n,* 585 S.W.2d 870 (Tex.Civ.App.1979, writ ref'd n.r.e.). Moreover, the affidavit of the insurance company's representative, Daniel Hill, is inconsistent with an intentional waiver. By affidavit, Hill swore that the premium was automatically deposited in the insurance company's account by the company's bank, *after which* the company was notified of the deposit. The only action Hill asserts that the company took was to apply part of the premium to cover a pro rata portion of premiums still owing on the policy notwithstanding the cancellation.

We doubt that Conn's summary judgment proof in support of waiver, standing

alone, was sufficient. However, when viewed together with Hill's controverting affidavit, it is manifest that Conn did not establish, as a matter of law, that the insurance company waived its right to insist upon cancellation.

Conn's final alternative ground for summary judgment was that the insurance company failed to comply with the cancellation provision of the insurance contract.

The cancellation provision of the policy states in part:

> We may cancel by mailing at least 10 days notice to the named insured shown in the declarations at the address shown in this policy.
>
>     *     *     *     *     *     *
>
> Proof of mailing of any notice shall be sufficient proof of notice.

In support of his position, Conn swore by affidavit:

> I never received any written notice that my automobile insurance policy was going to be cancelled on October 23, 1985. The only notice I received of potential cancellation was in a telephone call from Ed Weaver Insurance Agency, Inc. on October 22, 1985.

In response, the insurance company filed an affidavit of its representative Hill claiming that it sent notice of cancellation to Conn on September 30, 1985, stating that cancellation was to be effective at 12:01 a.m. on October 23, 1985.

■■■ An insurance policy containing provisions such as those involved in this appeal may be cancelled by the proper mailing of notice in accordance with the terms of the policy even though the notice is never received by the addressee. *Sudduth v. Commonwealth Co. Mutual Ins. Co.*, 454 S.W.2d 196 (Tex.1970). By his affidavit, Conn denied receipt of the notice of cancellation thereby controverting the claimed fact that the company had mailed the notice. *Sudduth, supra. See also, Western Fire Insurance Co. v. Reyna*, 495 S.W.2d 57 (Tex.Civ.App.1973, writ ref'd n.r. e.); *Beacon National Insurance Co. v. Young*, 448 S.W.2d 812 (Tex.Civ.App.1969, writ ref'd n.r.e.).

■■■ The insurance company claims, finally, that the district court erred in denying its motion for summary judgment that Conn take nothing. The insurance company seeks to avoid application of the mailbox rule by insisting that the specific terms of the insurance policy and the cancellation notice required actual receipt of the premium payment by the company on October 23 to avoid cancellation. *See Equitable Life Assurance Society v. Ellis*, 105 Tex. 526, 147 S.W. 1152, 1156 (1912). To the contrary, a reading of the "Termination" provision of the insurance contract shows that it is silent as to the method and precise deadline for making premium payments. Although the cancellation notice does specifically provide that payment must be received by October 23, the summary judgment proof raises factual issues concerning whether (1) Conn ever received the notice, and (2) assuming that he did, whether the parties' course of dealing was such that payment was nonetheless made effective upon mailing. The point of error is overruled.

The judgment is reversed and the cause is remanded for trial.

BRADY, Justice, dissenting.

I respectfully dissent.

I would affirm the trial court's summary judgment in favor of appellee. Appellant does not dispute appellee's affidavit stating payment of the insurance premium was mailed to the insurance company on October 22, 1985. Appellant argues failure *to receive* payment by October 23, 1985, operated to cancel the policy. Appellant's focus on *receipt* of payment is relevant only if the mailbox rule does not apply. The summary judgment proof makes it clear that the mailbox rule will apply in this case.

The mailbox rule would not apply if there were an express provision in the contract specifying another manner of payment. Corbin on Contracts § 78.00 (1952). Here the insurance contract is silent as to method of payment. It is conceded that mailing the premium before the last day for payment is not, by itself, sufficient to consti-

tute timely payment under the mailbox rule; however, the insurance company representative who handled Conn's policy with the company, Mr. Ed Weeren, stated in his deposition that payment was authorized by mail. Appellee's previous premium payment had been mailed to the company, and the company had accepted that method of payment. Where the usual course of dealing establishes that a creditor permits payment by mail, then the mailbox rule will govern the time when payment is deemed to have been made. *Fant v. Miller*, 218 S.W.2d 901, 903 (Tex.Civ.App.1949, writ ref'd n.r.e.) (where payment of insurance premiums by mail is authorized, "performance is completed when a letter containing the remittance ... is deposited in the mail."). The course of dealing between Conn and the insurance company had been to transmit premium payments by mail. The mailbox rule operates to make the day Conn mailed the payment the effective date of payment.

The majority states the summary judgment proof was insufficient as a matter of law because an affidavit of an interested party concerning a matter about which adversaries have no knowledge or ready means of confirmation does not conclusively establish the facts required to support a summary judgment. However, Conn's affidavit swearing that he deposited his check in the mail properly addressed, postage paid, to appellant prior to the cancellation date is a matter which the company *could have confirmed or refuted*. *See Southland Life Ins. Co. v. Greenwade*, 138 Tex. 450, 159 S.W.2d 854, 856–857 (1942) (discussing the manner in which an insurance company sought to show that a letter was not received). Here, appellant has chosen a system of having premium payments sent directly to a box at a banking institution. The bank removes the company's mail from the box and credits payments received to the insurance company account. The envelopes in which the payments are received are destroyed and *no notation is made by the bank of any postmark or other evidence of the mailing*. This decision of the appellant insurance carrier, permitting destruction of any evidence it may have to either

confirm or refute an adversary's affidavit concerning the mailbox rule, should not be used to the carrier's advantage in its effort to escape its obligations under the policy.

Assuming arguendo, the affidavit of appellee was one which adversaries have no ready means of confirming or refuting, appellant judicially admitted in its reply to the motion for summary judgment that there were no material fact issues on which a fact finder must pass. In its motion, the insurance company adopted appellee's affidavit with the following:

\*　　\*　　\*　　\*　　\*　　\*

"The summary judgment evidence set out below and attached hereto establishes conclusively that *there is no genuine issue as to the facts set forth above* ...

\*　　\*　　\*　　\*　　\*　　\*

The pleadings, depositions, and interrogatories on file in this case, together with [other summary judgment evidence], *and the Affidavit* of [Conn] ... all establish that there are no genuine issues of material facts [sic] in this case ..."

\*　　\*　　\*　　\*　　\*　　\*

I find nothing "oblique," as described by the majority opinion, about the above statements made by appellant in his reply to appellee's motion for summary judgment. Appellant deliberately, clearly and unequivocally asserts the absence of any factual dispute. The judicial admission made by the appellant's adoption of Conn's affidavit, and the statement by the appellant that there were no material fact issues are conclusive, as a matter of law, of the facts set forth in appellee's affidavit.

It is clear that the insurance company received appellee's payment of the full premium for the balance of the policy, cashed the check for the full amount and made no attempt to refund the "unearned" premium until after it received notice of the loss. This subsequent attempt to refund the "unearned" portion of the premium appears to be a convenient attempt by the insurance company to avoid its contractual obligation. When appellant received appellee's payment of the full premium for the balance of the policy term, with the intent to accept it

only for partial payment of premium to October 23, 1985, the alleged date of cancellation, appellant should have immediately notified appellee of such action so that appellee could have obtained other insurance. By waiting from October 29 until November 8, 1985, some five days after the accident occurred, appellant prevented appellee from obtaining other automobile insurance protection. Such action by an insured is prejudicial, and unfair to appellee.

For these reasons, I dissent and would affirm the trial court's summary judgment in favor of appellee.