

# NUMBER 13-17-00309-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

WILLIAM ROBERT SCHRADER,                                        Appellant,

v.

TEXAS FARM BUREAU UNDERWRITERS,                      Appellee.

---

On appeal from the 130th District Court
of Matagorda County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Rodriguez, Contreras, and Hinojosa
### Memorandum Opinion by Justice Contreras

Appellant William Robert Schrader sued appellee Texas Farm Bureau Underwriters (TFB), his insurer, for refusing to cover losses sustained from the theft of two tractors. The trial court granted summary judgment in favor of TFB. By one issue, Schrader argues that there was an issue of material fact concerning whether his loss occurred while the subject policy was in effect. We affirm.

I. BACKGROUND

Schrader alleged in his original petition that two farming tractors and related equipment, with a combined insured value of $60,000, were stolen from him sometime between December 5 and 13, 2013. He made a claim on his TFB inland marine policy in January of 2014, but TFB denied the claim on grounds that the policy "was not in force for the date of loss." Schrader alleged in his suit that the policy "was undeniably in force until midnight on December 6 and should have been reinstated retroactively to November 20, 2013, as premiums were forwarded via Defendant's agent." He asserted claims of breach of contract, deceptive trade practices, and common law fraud.

TFB filed a traditional and no-evidence motion for summary judgment, arguing that Schrader's policy came up for annual renewal in November 2013 and that he was required to pay his annual premium of $1,774 by November 20, 2013 in order to renew the policy. TFB asserted that there is no evidence Schrader paid the premium on or before that date; therefore, the policy had lapsed and was not in effect at the time of the loss. According to TFB, Schrader's insurance agent John Hendrix filed an application to reissue the policy along with Schrader's premium payment on December 16, 2013, and TFB issued a new policy effective that day. In support of its motion, TFB attached several pieces of evidence, including a past due notice sent by TFB to Schrader on November 25, 2013 which states: "The payment on your inland marine policy is past due. Please send the payment so that it will reach our office by 12-05-13. If we do not receive the amount due by the date listed above, all coverage afforded by this policy will be cancelled effective 12:01 A.M., 12-05-13."

In response, Schrader argued that TFB did not establish as a matter of law that

2

the original policy had lapsed at the time of the loss because, according to the past due notice, the policy was effective until 12:01 a.m. on December 5, and the tractors "could have been stolen on or before" that date. To support this assertion, he attached an affidavit in which he stated that the last time he saw the tractors was "approximately November 30, 2013."

In the alternative, Schrader argued that there was no lapse in coverage because he "relied upon [Hendrix's] promise on December 2, 2013 that if [Schrader] just mailed a second check [Hendrix] would make sure coverage did not lapse even if the check was actually received after December 5, 2013." Schrader attached deposition testimony in which he stated that he first wrote a check for the premium amount on November 15, 2013 and sent it to TFB that same day. He also provided an affidavit stating that, when he received the past due notice on December 2, he told Hendrix that he had already sent the premium payment, but Hendrix "said he never received the check and then told me to just send another check directly to his office and that he would make sure the policy was renewed so there would be no lapse in coverage." Per Hendrix's instructions, Schrader wrote a second premium check—dating it November 15, 2013 "because that was the date the original check was written"—and sent it to Hendrix's office. Schrader argued in his summary judgment response that TFB "cannot now claim [the] policy lapsed after December 5, 2013 because it processed [Schrader's] policy renewal premium after December 5, 2013."

The trial court granted TFB's motion and rendered judgment that Schrader take nothing by way of his suit. This appeal followed.

3

## II. DISCUSSION

We review summary judgments de novo. *Neely v. Wilson*, 418 S.W.3d 52, 59 (Tex. 2013). The party moving for summary judgment bears the burden of proof. *Id.* "Though these burdens vary for traditional and no-evidence motions, the summary judgment motion here was a hybrid motion and both parties brought forth summary judgment evidence; therefore, the differing burdens are immaterial and the ultimate issue is whether a fact issue exists." *Id.* (citing *Buck v. Palmer*, 381 S.W.3d 525, 527 & n.2 (Tex. 2012)). A fact issue exists, precluding summary judgment, if there is more than a scintilla of probative evidence to support the plaintiff's claim. *Id.*; *see* TEX. R. APP. P. 166a(c), (i). Evidence is more than a scintilla if it "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Serv. Corp. Int'l v. Guerra*, 348 S.W.3d 221, 228 (Tex. 2011). Evidence is less than a scintilla if it is "so weak as to do no more than create a mere surmise or suspicion that the fact exists." *Regal Fin. Co. v. Tex Star Motors, Inc.*, 355 S.W.3d 595, 603 (Tex. 2010). We review the summary judgment evidence in the light most favorable to the non-movant, indulging every reasonable inference and resolving any doubts against the motion. *Neely*, 418 S.W.3d at 60. An inference is not reasonable if it is based only on evidence that is "susceptible to multiple, equally probable inferences, requiring the factfinder to guess in order to reach a conclusion." *Suarez v. City of Texas City*, 465 S.W.3d 623, 634–35 (Tex. 2015).

Schrader contends on appeal that a fact issue exists regarding whether the policy was in effect at the time the tractors were stolen because he complied with TFB's renewal instructions. He cites case law establishing that, "where the custom of the parties

4

authorizes a payment by mail or where payment by mail has been authorized, payment is made when a letter containing the remittance, properly addressed and with postage prepaid, is deposited in the mail." *Cox v. Gulf Ins. Co.*, 858 S.W.2d 615, 616 (Tex. App.—Fort Worth 1993, no writ) (noting that this rule "may apply even when the company's notice to its insured states that reinstatement of the policy is conditional upon receipt of payment by a definite time"); *Am. Cas. Co. of Reading, Pa. v. Conn*, 741 S.W.2d 536, 538 (Tex. App.—Austin 1987, no writ). Schrader argues that his deposition testimony—in which he stated that he mailed the premium payment to TFB on November 15, 2013—therefore creates a fact issue as to whether the policy was effectively renewed, even though it is undisputed that TFB never received that payment.

We cannot reverse the trial court's judgment on this basis because Schrader did not raise this argument before the trial court in response to TFB's summary judgment motion. *See* TEX. R. CIV. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal."). Schrader's response argued that he "relied upon" Hendrix's "misrepresentation" on December 2, 2013 that "if [Schrader] just mailed a second check [Hendrix] would make sure coverage did not lapse even if the check was actually received after December 5, 2013." Although Schrader's deposition testimony regarding the November 15 payment was attached to his response, nowhere did Schrader argue before the trial court that the mailing of this payment was effective to renew the policy. *See id.*

Schrader further argues on appeal, as he did in response to the summary judgment motion, that even if there was a lapse in coverage beginning on December 5, his affidavit

5

testimony—in which he stated that he last saw the tractors on November 30—creates a fact issue as to whether his loss occurred before the lapse.

We disagree. Schrader stated in his affidavit that "[t]he last time I saw the stolen tractors before they were stolen was approximately November 30, 2013," but this statement, even taken as true, does no more than create a mere surmise or suspicion that the tractors were stolen during the policy period.[1] *See Regal Fin. Co.*, 355 S.W.3d at 603. In particular, though this statement may support a finding that the tractors were stolen sometime between November 30 and December 13, it does not support a reasonable inference that the tractors were stolen before 12:01 a.m. on December 5, because it is at least equally probable that the tractors were stolen after that time. *See Suarez*, 465 S.W.3d at 634–35 (noting that an inference is not reasonable if it is based only on evidence that is "susceptible to multiple, equally probable inferences, requiring the factfinder to guess in order to reach a conclusion"). In other words, it would be unreasonable for the fact-finder to infer, based on this statement alone, that the tractors were stolen before 12:01 a.m. on December 5, 2013.[2] Accordingly, Schrader did not produce more than a scintilla of evidence supporting his claim that the loss occurred during the policy period. Summary judgment was proper on this basis.

We overrule Schrader's issue on appeal.

---

[1] TFB argues on appeal that the original policy period ended on November 20, 2013, and it notes that there is no dispute the theft occurred after this date. However, though the original policy was not provided as summary judgment evidence, the past due notice stated that, if TFB did not receive payment by December 5, "all coverage afforded by this policy will be cancelled effective 12:01 a.m." on December 5. We assume, but do not decide, for purposes of this analysis, that the original policy was effective until 12:01 a.m. on December 5, 2013 as expressly stated in the past due notice.

[2] We note that, according to Schrader's live petition—and according to an amended petition filed by Schrader after summary judgment was rendered—the tractors were stolen on December 5 at the earliest. Further, according to an incident report attached to TFB's summary judgment motion, Schrader informed police that the last time he saw the tractors was December 5 at 9:00 a.m.

### III. Conclusion

The trial court's judgment is affirmed.

DORI CONTRERAS
Justice

Delivered and filed the
5th day of April, 2018.