

# NUMBER 13-18-00039-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**METROPOLITAN WATER
COMPANY, LP,**                                                          **Appellant,**

**v.**

**NATHAN AUSLEY,**                                                       **Appellee.**

---

### On appeal from the 21st District Court
### of Burleson County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Hinojosa and Tijerina
Memorandum Opinion by Justice Tijerina**

Appellee Nathan Charles Ausley sued appellant Metropolitan Water Company, L.P. (Met Water) for breach of contract. Ausley and Met Water have differing interpretations of the relevant contract, and each moved for summary judgment. The trial court granted Ausley's motion for summary judgment and denied Met Water's. By its sole

issue, Met Water contends that summary judgment for Ausley was improper because Met Water timely made payment pursuant to the contract.  We affirm.[1]

## I.  BACKGROUND

On January 26, 2005, Ausley entered into two groundwater leases with Met Water (collectively, the contract).  The contract provided that Met Water would pay Ausley certain royalty payments once production began and described a process by which any deficiencies in royalty payments would be addressed.

On July 6, 2016, Ausley mailed Met Water notice asking Met Water to correct royalty payment deficiencies.  Met Water received this notice on July 8.  Met Water issued a check for the proper amount and deposited it in the mail on September 6.  Ausley received this payment on September 8 and claims it was two days late pursuant to a sixty-day deadline imposed by the contract.

Thereafter, Ausley sued Met Water asserting the late payment constituted a breach of contract.  Both parties moved for traditional summary judgment, and the trial court granted Ausley's motion and denied Met Water's motion.  In their motions for summary judgment, both parties agreed that payment was due by September 6, 2016. While Met Water argued that it made payment on September 6 when it deposited payment in the mail, Ausley argued that Met Water paid on September 8—the date Ausley received payment.  The trial court determined that Met Water's payment was untimely and awarded Ausley attorney's fees and costs.  It subsequently denied Met Water's motion for new trial.  This appeal followed.

## II.  STANDARD OF REVIEW

---

[1] This case is before this Court on transfer from the Tenth Court of Appeals in Waco pursuant to a docket-equalization order issued by the Supreme Court of Texas.  *See* TEX. GOV'T CODE ANN. § 73.001.

We review the trial court's summary judgment de novo. *See Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). Summary judgment is proper when the movant conclusively establishes the elements of the claim. *Id*.; *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997). Here, the claim is breach of contract, which requires proof of four elements: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Eaves v. Unifund CCR Partners*, 301 S.W.3d 402, 407 (Tex. App.—El Paso 2009, no pet.); *Doss v. Homecoming Fin. Network, Inc.*, 210 S.W.3d 706, 713 (Tex. App.—Corpus Christi–Edinburg 2006, pet. denied).[2]

When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). The party moving for traditional summary judgment has the burden to show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). When, as here, both parties move for summary judgment on the same issue and the trial court grants one motion and denies the other, we consider the summary judgment evidence presented by both sides, determine all questions presented, and if we determine that the trial court erred, render the judgment the trial court should have rendered. *See FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000).

### III. THE CONTRACT

---

[2] The issue on appeal is whether Met Water breached the contract; therefore, we will only address this element.

By its sole issue, Met Water contends the trial court erred by granting Ausley's motion for summary judgment on Ausley's breach of contract claim. Met Water argues that it paid on September 6, 2016 when it deposited payment in the mail—not when Ausley received the payment—"because payment by mail was permitted by [the contract] and because it was customary for the parties to exchange payments by mail." Ausley argues Met Water did not pay on time because Ausley received payment on September 8.

"Ordinarily, simply mailing a premium check before the last day for payment is not sufficient to constitute timely payment," but when "remittance by mail is customary or authorized," performance is completed when "remittance, properly addressed, is deposited in the mail." *Am. Cas. Co. of Reading, Pa. v. Conn*, 741 S.W.2d 536, 538 (Tex. App.—Austin 1987, no writ). "[A]n oil and gas lease may expressly provide for the payment of delay rentals by the mailing of a check, draft or other form of remittance to the lessors." *See Corley v. Olympic Petroleum Corp.*, 403 S.W.2d 537 (Tex. App.— Texarkana 1966, writ ref'd).

The provision at issue, in relevant part, provides: "If [Met Water] fails to make the minimum payment within the sixty (60) days as specified hereinabove, then this lease shall lapse and terminate and no longer be in force and effect." Both parties agree the deadline for payment was September 6, 2016, and Met Water has not identified any case law interpreting identical language. Thus, to support its argument, Met Water relies on the following shut-in royalty provision, unrelated to royalty payment deficiencies, in the contract: "On or before the expiration of the six (6) consecutive month period, [Met Water] may pay or tender by check . . . a shut-in royalty amount . . . ." According to Met Water,

4

because the contract "contemplates payment of shut-in royalties by check," the deposit of royalty deficiency payments by mail was therefore authorized by the contract and its deposit of the check into the mail on September 6 was timely. We disagree.

Here, the contract does not specify the manner in which the royalty deficiency payments should be paid or received. For comparison, in *TSB Exco, Inc. v. E.N. Smith, III Energy Corp.*, the contract expressly provided that payment

> may be made by check or draft of Lessee delivered or mailed to the authorized depository bank or to Lessor (at the address last known to Lessee) on or before such date for payment, and the payment or tender will be deemed made when the check or draft is so delivered or mailed.

818 S.W.2d 417, 419 (Tex. App.—Texarkana 1991, no writ). In this case, although the contract expressly authorizes payment of shut-in royalties by *check*, it does not expressly authorize shut-in royalty payments, or any other royalty payments, to be deposited by *mail* as Met Water suggests. Absent language specifically authorizing depositing payments by mail, we hold that the contract did not expressly provide for royalty deficiencies to be timely if deposited by mail on or before the due date. *See Buffalo Pipeline Co. v. Bell*, 694 S.W.2d 592, 596–97 (Tex. App.—Corpus Christi–Edinburg 1985, writ ref'd n.r.e.) (op. on reh'g)(explaining that where the subject lease had no provision for payment by mail and there was no established custom or course of dealing between the parties, the lessee's deposit of payment in the mail was not timely); *see also Kingsley Props., LP v. San Jacinto Title Servs. of Corpus Christi, LLC*, 501 S.W.3d 344, 349 (Tex. App.—Corpus Christi–Edinburg 2016, no pet.) (holding that parties to a contract are masters of their own choices).

Next, Met Water asserts that payment by mail was customary between the parties although "the appellate record may not directly reflect it." For summary judgment

5

purposes, it was Met Water's burden to establish, as a matter of law, that remittance of royalty payments by mail was customary between it and Ausley, and that, indeed, it timely mailed the payment pursuant to its custom. *See Conn*, 741 S.W.2d at 538; *Pentico v. Mad-Wayler, Inc.*, 964 S.W.2d 708, 718 (Tex. App.—Corpus Christi–Edinburg 1998, pet. denied) (providing that where a note on its face does not authorize payments by mail, a pattern of dealing may establish such authorization). After reviewing the record, we find no evidence demonstrating remittance by mail was a customary form of payment between the parties.

Because the contract does not expressly provide for the mailing of royalty payments and we find no evidence in the record demonstrating that this form of dealing was customary between the parties, Ausley conclusively established that Met Water breached the contract by failing to timely make royalty payments. Accordingly, the trial court properly granted summary judgment in favor of Ausley on that basis. *See Knott*, 128 S.W.3d at 215. We overrule Met Water's sole issue.

## IV.    CONCLUSION

We affirm the judgment of the trial court.

JAIME TIJERINA,
Justice

Delivered and filed the
21st day of November, 2019.

6