**Johnny R. COX and Shirley Mae Cox, Appellants,**

**v.**

**GULF INSURANCE COMPANY, Appellee.**

**No. 2–92–188–CV.**

Court of Appeals of Texas, Fort Worth.

July 20, 1993.

Munson, Munson, Pierce & Swanson, Gary D. Corley, Sherman, for appellants.

Murphy, Moore & Bell, William M. Murphy, Fort Worth, for appellee.

Before HILL, C.J., and FARRIS and HICKS, JJ.

### OPINION

HILL, Chief Justice.

Johnny R. Cox and Shirley Mae Cox appeal from a summary judgment that they take nothing against Gulf Insurance Company, the appellee. The Coxes brought

suit against Gulf after a judgment had been awarded against them arising out of an automobile accident, complaining about Gulf's wrongful refusal to defend them in that lawsuit and its denial of coverage under an automobile liability policy.

The Coxes assert, in two points of error, that the trial court erred in granting Gulf its summary judgment, because the trial court applied an incorrect principle of law to the facts of the case and because the summary judgment evidence raised a genuine issue of material fact.

We reverse the judgment and remand for trial because there is a material fact issue as to whether the Coxes accepted Gulf's offer to continue the policy in effect by remitting their check "by return mail."

The facts shown by the summary judgment evidence are relatively simple. The Coxes had an automobile insurance policy with Gulf with coverage from August 1, 1986 to August 1, 1987. On August 18, 1987, after the Coxes had failed to renew coverage under the policy, Gulf sent notice to the Coxes that their insurance would cease on September 2 due to nonpayment of premium. The notice informed the Coxes that "IF YOU DESIRE TO PREVENT CANCELLATION BECOMING EFFECTIVE let us have remittance by return mail. Unless remittance is received by us at the address shown below prior to date and hour of cancellation indicated above, the cancellation will become effective and all insurance will cease." There is no summary judgment evidence establishing when the Coxes received the notice. There was evidence that the Coxes had moved from the address to which the notice was addressed.

As we have noted, September 2 was the date of cancellation indicated on the notice if remittance was not received by Gulf prior to the date and time of cancellation. There is some summary judgment evidence that the Coxes mailed their payment to Gulf on August 31, 1987. The Coxes had the automobile accident in question on September 2, 1987, and Gulf received the Coxes' payment on September 4, 1987.

In the case of *Zuniga v. Allstate Ins. Co.*, 693 S.W.2d 735, 738 (Tex.App.—San Antonio 1985, no writ), the court held that the insurer had no liability where the required payment of a renewal premium was not forwarded to the insurer by their insurance agent, as required by the terms of renewal under the policy.

In this case, one of the terms of renewal, as set forth in the notice sent to the Coxes, was that remittance be received by Gulf at the address shown on the notice prior to the date and hour of cancellation as indicated on the notice. Because Gulf did not receive the remittance by the time indicated in the notice, Gulf argues that the policy was canceled, and that it therefore had no liability at the time of the subsequent collision.

The Coxes argue that payment was effective at the time that the Coxes mailed the premium payment, properly addressed to Gulf with postage prepaid. They rely on the cases of *American Cas. Co. v. Conn*, 741 S.W.2d 536, 538 (Tex. App.—Austin 1987, no writ) and *Fant v. Miller*, 218 S.W.2d 901, 903 (Tex.Civ.App.—Texarkana 1949, writ ref'd n.r.e.). These cases stand for the general proposition that where the custom of the parties authorizes a payment by mail or where payment by mail has been authorized, payment is made when a letter containing the remittance, properly addressed and with postage prepaid, is deposited in the mail. *American Cas. Co.*, 741 S.W.2d at 538; *Fant*, 218 S.W.2d at 903. The mailbox rule may apply even when the company's notice to its insured states that reinstatement of the policy is conditional upon receipt of payment by a definite time, where remittance is made by mail as authorized prior to the due date but not received until after the due date. *American Cas. Co.*, 741 S.W.2d at 540.

The Coxes contend that the "mailbox rule" applies because Gulf had authorized the payment of the renewal premium by return mail. We hold that the "mailbox rule" applies if the Coxes remitted their check "by return mail" as authorized by the cancellation notice. The term "by re-

turn mail" means a rather immediate response. *See Carr v. Duval*, 39 U.S. (14 Pet.) 77, 10 L.Ed. 361 (1840); *see also United States Cutlery Co. v. Hawkins*, 17 La. App. 395, 136 So. 127, 129 (1931). Specifically, it has been held that an offer that calls for a reply "by return mail" must be accepted by mailing an answer either by the next mail after it is received or during the same day that the offer is received. *United States Cutlery Co.*, 136 So. at 129.

■ Gulf's summary judgment evidence did not establish as a matter of law that the Coxes failed to remit their premium "by return mail." Consequently, there is a material fact issue as to whether they did so. Therefore, the trial court erred in granting summary judgment in favor of Gulf. As we earlier noted, in *Zuniga* the premium payment was never made; consequently, the "mailbox rule" was not applicable in that case as it is in this case. We sustain points of error numbers one and two.

We reverse this judgment and remand for trial.