

NUMBER 13-06-00690-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**ERA REALTY GROUP, INC.,**                                                              **Appellant,**

**v.**

**ADVOCATES FOR CHILDREN AND FAMILIES, INC.,**              **Appellee.**

On appeal from the 267th District Court of Victoria County, Texas.

# OPINION

**Before Chief Justice Valdez and Justices Garza and Benavides**
**Opinion by Chief Justice Valdez**

Appellant, ERA Realty Group, Inc. ("ERA"), appeals from a summary judgment favoring appellee, Advocates for Children and Families, Inc. ("Advocates"). ERA sued Advocates over an alleged breach of a real estate representation agreement. Advocates moved for summary judgment and sought attorney's fees. The trial court granted summary judgment in favor of Advocates and awarded it $15,000 in attorney's fees. By three issues,

ERA contends that the trial court: (1) erred in granting summary judgment; (2) was biased and unobjective; and (3) lacked sufficient evidence to award attorney's fees. We affirm.

## I. BACKGROUND

On March 23, 2005, ERA and Advocates entered into a residential buyer/tenant representation agreement (the "agreement"). The agreement was a standardized pre-printed form that contained blanks that were completed by ERA in typeface print.[1] By the agreement's terms, Advocates granted ERA the exclusive right to act as Advocates' real estate agent for the purpose of buying or leasing property in Calhoun or Victoria Counties from March 23, 2005 through September 30, 2005.[2] The agreement contained the following real estate commission terms:

> Commission: The parties agree that [ERA] will receive a commission calculated as follows: (1) 6.00 % of the gross sales price if [Advocates] agrees to purchase property in the market area, and (2) if [Advocates] agrees to lease property in the market a fee equal to *(check only one box)* ☐ ___ % of one month's rent or ☐ 6 __ % of all rents to be paid over the term of the lease.

As to the lease provisions, neither box was checked but the number "6" is typed into the final blank space.

Advocates entered into a twelve year lease with College Church of Christ in Victoria County on July 8, 2005, without ERA's participation. ERA subsequently learned of Advocates' lease and filed a breach of contract suit seeking its purported commission and attorney's fees. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(8) (Vernon 1997).

---

[1] Advocates made some handwritten interlineations to the agreement.

[2] By handwritten interlineation, the agreement included the buying or leasing of property in Victoria County after June 30, 2005.

Advocates answered by generally denying ERA's allegations.

On May 11, 2006, Advocates moved for traditional summary judgment on the grounds that the agreement between the parties did not create a duty for Advocates to pay ERA a commission when Advocates leased property. *See* Tex. R. Civ. P. 166a(c). The rationale for Advocates' argument was that the terms of the agreement did not obligate Advocates to pay a commission to ERA on a lease because an appropriate box was not checked. Advocates also sought attorney's fees from ERA.[3] Advocates offered the agreement and an affidavit executed by Joyce Hyak, an Advocates' representative, as summary judgment evidence.

ERA responded to Advocates' summary judgment motion by arguing that the contract evidenced an intent to pay ERA commission on a lease because the number "6" was typed into an appropriate blank, even though no box was checked. Attached to ERA's response was an affidavit of Tom Tucker, ERA's owner, and portions of the transcript of Hyak's deposition testimony.

The trial court granted Advocates a summary judgment without providing a rationale. It also awarded Advocates $15,000 in attorney's fees. No findings of fact or conclusions of law were requested. This appeal ensued.

## II. SUMMARY JUDGMENT

By its first issue, ERA contends that the trial court erred in granting summary judgment because the agreement, when read in its entirety, evidences an intent by both

---

[3] Advocates supplemented its summary judgment motion to include a request for attorney's fees. Advocates argued that the agreement's terms provide for attorney's fees. The relevant provision reads, "If [Advocates] or [ERA] is a prevailing party in any legal proceeding brought as a result of a dispute under this agreement or any transaction related to this agreement, such party will be entitled to recover from the non-prevailing party all costs of such proceeding and reasonable attorney's fees."

3

parties to pay lease commissions.

## A. Standard of Review

We analyze a traditional motion for summary judgment under a well-established standard of review. The movant bears the burden to show that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). We review the motion and the evidence de novo, taking as true all evidence favorable to the nonmovant, indulging every reasonable inference, and resolving any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). When, as here, the trial court does not specify the grounds on which the judgment is based, we will affirm the judgment if it is correct on any legal theory expressly placed at issue and supported by the evidence. *See* TEX. R. CIV. P. 166a(c) (stating that issues must be "expressly set out in the motion or in an answer or any other response"); *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001) (per curiam) (holding that when the grounds for the ruling are not specified, we are to affirm "if any of the theories advanced are meritorious").

## B. Applicable Law

The primary goal in interpreting a contract is to give effect to the written expression of the parties' intent. *See Balandran v. Safeco Ins. Co.*, 972 S.W.2d 738, 741 (Tex. 1998). To determine the parties' intent, courts must consider the entire writing in an effort to harmonize all the provisions of the instrument. *See Preston Ridge Fin. Servs. Corp. v. Tyler*, 796 S.W.2d 772, 775 (Tex. App.–Dallas 1990, writ denied) (citing *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983)). Parol evidence is not admissible to render a contract

4

ambiguous; however, "the contract may be read in light of the surrounding circumstances to determine whether an ambiguity exists." *Balandran*, 972 S.W.2d at 741; *see also Nat'l Union Fire Ins. Co. v. CBI Indus., Inc.*, 907 S.W.2d 517, 520 (Tex. 1995).

Not every difference in the interpretation of a contract creates an ambiguity. *See Forbau v. Aetna Life Ins. Co.*, 876 S.W.2d 132, 134 (Tex. 1994). The mere disagreement over the meaning of a particular provision in a contract does not make it ambiguous. *GTE Mobilnet of S. Tex. Ltd. P'ship v. Telecell Cellular, Inc.*, 955 S.W.2d 286, 289 n.1 (Tex. App.–Houston [1st Dist.] 1997, pet. denied). In order for an ambiguity to exist when the parties advance conflicting interpretations, both interpretations must be reasonable. *See Columbia Gas Transmission Corp. v. New Ulm Gas, Ltd.*, 940 S.W.2d 587, 589 (Tex. 1996).

If a contract is found ambiguous, it must be construed strictly against the author and in a manner so as to reach a reasonable result that is consistent with the intent of the parties. *See, e.g., Gonzalez v. Mission Am. Ins. Co.*, 795 S.W.2d 734, 737 (Tex. 1990 (providing that an insurance company has the duty to make its policy clear and unambiguous because the terms, language, and conditions of the insurance policy are selected by the insurance company itself); *Republic Nat'l Bank v. Nw. Nat'l Bank*, 578 S.W.2d 109, 115 (Tex. 1978).

## C.   Analysis

The beginning of the agreement evidences an intent by the parties to have ERA represent Advocates in the purchase or lease of appropriate real estate. The provision contains a commission calculation if Advocates purchases property and also a commission

calculation if Advocates leases property. No lease calculation is selected, although the number "6" is typed before the phrase, "% of all rents to be paid over the term of the lease." Clearly, the instruction to "check only one box" was not followed because no box is checked. The agreement, therefore, can be read in one of two ways: (1) as providing for a lease commission because the number "6" is typed, or (2) as making no provision for a lease commission because no box is checked.

ERA argues that the number "6" is a specific provision that conflicts with the "general provision" reading "check only one box." *See generally Ostrowski v. Ivanhoe Prop. Owners Improvement Ass'n*, 38 S.W.3d 248, 254 (Tex. App.–Texarkana 2001, pet. denied) (providing that a general rule of construction is that when there is a conflict between two provisions, the specific provision controls over the general provision.). We disagree. What ERA considers a "general provision" is in fact an instruction that ERA did not follow. The omission of a check and the number "6" in the lease provision, are properly characterized as scrivener errors rather than what ERA terms "specific provisions."

Because an ambiguity exists and ERA completed the form, we strictly construe the agreement against ERA. *See Gonzalez*, 795 S.W.2d at 737. We hold that the agreement made no provision for a commission when Advocates leased property because no commission calculation was selected. ERA's first issue is overruled.

### III. TRIAL COURT'S BIAS

By its second issue, ERA contends that it was the victim of a biased judge. ERA points to two statements made by the trial court at the summary judgment hearing, which it contends is evidence that the trial court favored non-profit causes to ERA's detriment.

ERA relies on *Sicott v. Oglesby*, 721 S.W.2d 290, 293 (Tex. 1986) and *Pitt v. Bradford Farms*, 843 S.W.2d 705, 708 (Tex. App.–Corpus Christi 1992, no writ) to support its position. Neither case cited by ERA is applicable, however, because each deals with allegations of judicial misconduct by a judge who presided over a jury trial. Instead, this case was decided by the trial court on Advocates' motion for summary judgment and without the aid of a jury. We note that the summary judgment granted in Advocates' favor has already been sustained on the merits. Furthermore, an independent review of the record does not evidence any bias on the trial court's part. ERA's second issue is overruled.

## IV. ATTORNEY'S FEES

By its third issue, ERA argues that the trial court lacked sufficient evidence to award Advocates $15,000 in attorney's fees. ERA points to the affidavit submitted by Terry Carroll Jr., an attorney representing Advocates, which states the following:

> I am a licensed attorney practicing in Victoria County, Texas[.] I have practiced in that county since 1990, and I am familiar with the rates charged by attorneys in that county for legal services of the type provided to Defendant in this matter. I am one of the attorneys representing Defendant [Advocates] in [this lawsuit,] I have been designated an expert witness on attorney's fees in this matter[,] and I am familiar with the pleadings, correspondence, discovery, and other actions. I have also considered the nature of the dispute and the complexity of the legal issues.

> Based on the above-cited information, I state that the reasonable amount of attorney's fees for the services provided to Defendant in this matter through the completion of the hearing scheduled for July 31, 2006 is $15,000.

ERA did not object to Carroll's affidavit. On appeal, ERA argues that the affidavit is legally insufficient because it is conclusory. We disagree.

Generally, the testimony of an interested witness, such as a party to the suit, though

7

not contradicted, does no more than raise a fact issue to be determined by the factfinder. *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 882 (Tex. 1990) (per curiam). Where the testimony of an interested witness, however, is not contradicted by any other witness, or attendant circumstances, and the same is clear, direct and positive, and free from contradiction, inaccuracies, and circumstances tending to cast suspicion thereon, it is taken as true, as a matter of law. *Id*. This is especially true where the opposing party had the means and opportunity to disprove the testimony or evidence and failed to do so. *Id*. at 882. This exception to the general rule regarding interested witness testimony, however, does not mean in every case in which a party offers uncontradicted testimony, such testimony mandates an award of the entire amount sought. *Ragsdale*, 801 S.W.2d at 882; *Welch v. Hrabar*, 110 S.W.3d 601, 602 (Tex. App.–Houston [14th Dist.] 2003, pet. denied); *Hanssen v. Our Redeemer Lutheran Church*, 938 S.W.2d 85, 91 (Tex. App.–Dallas 1996, writ denied). Even though the evidence might be uncontradicted, if the offered evidence is unreasonable, incredible, or its belief is questionable either from another witness or attendant circumstances, then such evidence would only raise a fact issue to be determined by the trier of fact. *Ragsdale*, 801 S.W.2d at 881-82; *Welch*, 110 S.W.3d at 602; *Hanssen*, 938 S.W.2d at 91.

Based on our review, Carroll's affidavit is legally sufficient to support the trial court's award of attorney's fees. Carroll testified that he is a duly licensed attorney, he is familiar with the usual and customary attorney's fees in Victoria County, he has personal knowledge of the services rendered to Advocates on this matter, and those services were reasonable and necessary. *See Columbia Rio Grande Regional Hosp. v. Stover*, 17

8

S.W.3d 387, 397 (Tex. App.–Corpus Christi 2000, no pet.) (finding a similar affidavit sufficient to support an award of attorney's fees). Accordingly, we conclude Carroll's affidavit was legally sufficient to support the trial court's judgment for attorney's fees. *See Tex. Commerce Bank v. New*, 3 S.W.3d 515, 517-18 (Tex. 1999); *see also Cap Rock Elec. Coop. v. Tex. Utils. Elec. Co.*, 874 S.W.2d 92, 101-02 (Tex. App.–El Paso 1994, no writ) (uncontested affidavit establishing prima facie case for attorney's fees legally sufficient to support fee award). ERA's third issue is overruled.

## V. Conclusion

The trial court's judgment is affirmed.

_____
ROGELIO VALDEZ,
Chief Justice

Opinion delivered and filed this
the 5th day of June, 2008.