ACCEPTED
13-17-00309-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
10/5/2017 10:54 AM
Dorian E. Ramirez
CLERK

No. 13-17-00309-CV

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
10/5/2017 10:54:26 AM
DORIAN E. RAMIREZ
Clerk

IN THE
COURT OF APPEALS
FOR THE
THIRTEENTH JUDICIAL DISTRICT
AT CORPUS CHRISTI

WILLIAM ROBERT SCHRADER
Appellant,
v.
TEXAS FARM BUREAU UNDERWRITERS
Appellee.

On appeal from the 130th Judicial District Court,
Matagorda County, Texas, Cause No. 15-E-0320

APPELLEE TEXAS FARM BUREAU UNDERWRITER'S BRIEF

JORDAN LYNCH & CANCIENNE PLLC
Michael Cancienne
State Bar No. 24055256
mcancienne@jlcfirm.com
Caroline Carter
State Bar No. 24078318
ccarter@jlcfirm.com
1330 Post Oak Boulevard, Suite 2575
Houston, Texas 77056-2995
713.955.4025
713.955.9644 (facsimile)

ATTORNEYS FOR APPELLEE
TEXAS FARM BUREAU UNDERWRITERS

Table of Contents…………………………………………………………………….. ii

Index of Authorities…………………………………………………………………..iv

Statement of the Case…………………………………………………………………vi

Statement Regarding Oral Argument………………………………………....…vii

Issues Presented……………………………………………………………………..viii

Introduction……………………………………………………………………... 1

Statement of Facts…………………………………………………………………. 3

    I.     Schrader fails to renew his insurance policy………………………… 3

    II.    Schrader discovers the Tractors are missing and makes a claim……………………………………………………….………………… 5

    III.   Schrader filed a lawsuit, and his claims are dismissed on summary judgment……………………………………………………………... 5

Summary of Argument……………………………………………………………..7

Legal Standard…………………………………………………………………….. 8

Argument………………………………………………………………………….10

    I.     The Tractors were not covered by a Texas Farm Bureau insurance policy at the time of loss…………………………………………… 10

        A.    Texas Farm Bureau's offer of a renewal policy did not create a binding insurance agreement without Schrader's acceptance…11

            1.    Schrader's new arguments against summary judgment on appeal are improper and do not create a fact issue…… 14

                a.    Schrader cannot raise new arguments against summary judgment on appeal ………………… 16

                b.    The role of John Hendrick, a Texas Farm Bureau insurance agent, is irrelevant……………………17

                c.    The "mailbox rule" is inapposite under the facts of this case………………………………………19

            2.    There was no insurance policy covering the Tractors between November 20, 2013 and December 5, 2013….21

   B. There is no dispute that the Tractors disappeared sometime after November 20, 2013 and before December 16, 2013…………..23

 II. The trial court did not err in granting summary judgment on all of Schrader's claims……………………………………………………24

   A. Texas Farm Bureau did not breach a contract by denying coverage, when none existed at the time of loss……………….24

   B. Schrader's request for a declaratory judgment was properly dismissed for the same reasons as his breach of contract claim …………………………………………………………….. 25

   C. Texas Farm Bureau did not violate the DTPA or commit fraud by denying coverage, and Schrader does not challenge the dismissal of these claims…………………………………...26

Prayer…………………………………………………………………...…26

Certificate of Compliance……………………………………………………28

Certificate of Service………………………………………………………….. 29

# INDEX OF AUTHORITIES

**Page(s)**

**CASES**

*American Casualty Company of Reading, Pa. v. Conn*, 741 S.W.2d 536 (Tex. App.—Austin 1987, no writ)……………………………………………………………….........20

*Binur v. Jacobo*, 135 S.W.3d 646 (Tex. 2004)…………………….………….................9

*Burns v. Canales*, No. 14-04-00786-CV, 2006 WL 461518 (Tex. App.—Houston [14th Dist.] Feb. 28, 2006, pet. denied)…………………………………………………...……..15

*City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671 (Tex. 1979)………..………..16, 17

*Cox v. Gulf Ins. Co.*, 858 S.W.2d 615 (Tex. App.—Fort Worth 1993, no writ)…………………20

*De Pino v. Jefferson-Pilot Life Ins. Co.*, No. 13-07-00367-CV, 2009 WL 866797 (Tex. App.—Corpus Christi Apr. 2, 2009, no pet.)……………………………………………….9, 26

*ERA Realty Grp., Inc. v. Advocates For Children & Families, Inc.*, 267 S.W.3d 114 (Tex. App.—Corpus Christi 2008, pet. denied)……………………………………………....9

*First Union Nat. Bank v. Richmont Capital Partners I, L.P.*, 168 S.W.3d 917 (Tex. App.—Dallas 2005, no pet.) ………………………………………………………………………23

*Hartland v. Progressive Cnty. Mut. Ins. Co.*, 290 S.W.3d 318 (Tex. App.—Houston [14th Dist.] 2009, no pet.)………………………………………………………………...12, 14

*Heritage Gulf Coast Props., Ltd. v. Sandalwood Apartments, Inc.*, 416 S.W.3d 642 (Tex. App.—Houston [14th Dist.] 2013, no pet.)………………………………………………10

*Kottke v. Scott*, 03-10-00071-CV, 2011 WL 1467194 (Tex. App.—Austin Apr. 14, 2011, no pet.)………………………………………………………………………13

*Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244 (Tex. 2013)…………………………………..23

*Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211 (Tex. 2003)…………………………...9

*RSUI Indem. Co. v. The Lynd Co.*, 466 S.W.3d 113 (Tex. 2015)……………………………11, 21

*Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910 (Tex. 1997)…………………………………9

*Texas Dep't of Transp. v. Crockett*, 257 S.W.3d 412 (Tex. App.—Corpus Christi 2008, pet. denied)……………………………………………………………………25

*Texas Farm Bureau Underwriters v. Rasmussen*, 410 S.W.3d 335 (Tex. App.—Houston [1st Dist.] 2013, pet. denied)……………………………………………………...11, 12, 18, 21

iv

*Ulico Cas. Co. v. Allied Pilots Ass'n*, 262 S.W.3d 773 (Tex. 2008)……………………………..22

*Wakefield v. Ayers*, No. 01-14-00648-CV, 2016 WL 4536454 (Tex. App.—Corpus Christi Aug. 30, 2016, no pet.)...………………………………………………………………………16

*Walker v. Fed. Kemper Life Assurance Co.*, 828 S.W.2d 442 (Tex. App.—San Antonio 1992, writ denied)……………………………………………………………………………………12

*Zuniga v. Allstate Ins. Co.*, 693 S.W.2d 735 (Tex. App.—San Antonio 1985, no writ)…...........11

## STATUTES

TEX. R. CIV. P. 166a……………………………………………………………………………8, 9

## STATEMENT OF THE CASE

*Nature of the case:* Dispute over whether Texas Farm Bureau Underwriters breached an insurance policy, violated the Texas Deceptive Trade Practices Act ("DTPA"), and committed fraud by denying coverage of Appellant's claim of loss.

*Course of proceedings:* On July 15, 2015, Appellant William Robert Schrader filed a lawsuit against Texas Farm Bureau after Texas Farm Bureau denied coverage for Schrader's claim of loss of two tractors. CR 4–10. Schrader alleged claims for breach of contract, violations of the DTPA, and fraud, and sought a declaratory judgment stating that the insurance policy between Schrader and Texas Farm Bureau was in effect and covered the loss of Schrader's tractors. CR 6–9. On July 26, 2016, Texas Farm Bureau filed a traditional and no-evidence motion for summary judgment. 2 Supp. CR 6.

*Trial court:* Honorable Craig Estlinbaum, 130th Judicial District Court, Matagorda County, Texas

*Trial court's disposition:* On December 15, 2016, the trial court granted Texas Farm Bureau's traditional and no-evidence motion for summary judgment. CR 141. On February 3, 2017, the trial court denied Schrader's motion for new trial. CR 177.

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is not necessary because the Court can summarily affirm the judgment based on the appellate record.  If, however, the Court grants Schrader's request for oral argument, Texas Farm Bureau requests the opportunity to present oral argument.

## ISSUES PRESENTED

### Responsive Issue One

Did the trial court properly grant summary judgment in favor of Texas Farm Bureau on all of Schrader's claims?

### Responsive Issue Two

Can Schrader raise arguments that were not presented to the trial court in an attempt to overturn the trial court's decision to grant summary judgment?

## INTRODUCTION

This case arises out of a dispute over insurance coverage for two tractors (the "Tractors") allegedly stolen in late 2013. Schrader owned the Tractors and had previously insured them with Texas Farm Bureau. The insurance policy protecting against the risk of loss associated with the theft of the Tractors expired on November 20, 2013. Texas Farm Bureau sent a renewal notice that provided Schrader with the opportunity to renew his policy for an additional year, from November 20, 2013 to November 20, 2014. Like all insurance policies, this renewal notice was an offer that must be accepted by the insured for coverage to go into effect. The offer required Schrader to timely submit a premium payment as a necessary condition of the policy becoming effective. Without the premium payment, the renewal policy could not go into effect and no insurance contract would exist.

Schrader did not submit the payment by November 20, 2013, as required by the policy. Texas Farm Bureau then sent Schrader a past due notice, giving Schrader until December 5, 2013 to make the payment. With the notice, Texas Farm Bureau was providing Schrader fifteen extra days to accept the renewal policy by paying his premium. If Texas Farm Bureau had received the premium payment by December 5, 2013, as required by the past due notice, Texas Farm Bureau would have issued the renewed policy with a retroactive start date of November 20, 2013, so that there would be no gap in coverage. Texas Farm Bureau, however, did not receive the

1

premium payment by December 5, 2013. Texas Farm Bureau's offer to renew the policy for the November 20, 2013 to November 20, 2014 term therefore expired.

On December 13, 2013, Schrader discovered his Tractors missing and made a report to the Brazoria County Sheriff's Office. He did not report the loss to Texas Farm Bureau at that time. Instead, three days after Schrader reported the loss to the sheriff's office, Texas Farm Bureau received a premium check from Schrader. Texas Farm Bureau immediately accepted what was effectively Schrader's offer to Texas Farm Bureau to provide him with insurance coverage for his farm equipment, and issued a policy of insurance effective December 16, 2013 to cover Schrader's farm equipment. A month later, in January 2014, Schrader reported to Texas Farm Bureau that his Tractors had been stolen and attempted to make a claim for the loss with Texas Farm Bureau. Texas Farm Bureau investigated the loss and denied coverage because there was no insurance policy covering the Tractors at the time of loss.

There is no dispute that the loss occurred sometime after November 20, 2013, when the previous policy expired, and before December 16, 2013, when Texas Farm Bureau issued a new policy upon receiving a premium payment. Because the loss occurred during this time period when no coverage was in effect, Texas Farm Bureau properly denied coverage as a matter of law. The trial court correctly granted Texas

2

Farm Bureau's traditional and no-evidence summary judgment motion, finding that Schrader should take nothing on his claims.

## STATEMENT OF FACTS

### I. Schrader fails to renew his insurance policy.

Appellant William Robert Schrader owns numerous tractors and farm equipment for farm and ranch operations. 2 Supp. CR 6, 29. For several years, Schrader insured his farming equipment, including tractors, with Texas Farm Bureau. 2 Supp. CR 6, 33. Included among the insured items were the Tractors— John Deere Farm Tractor Model 5410, Serial Number LV54105240341, and a Landini Farm Tractor Power Ram 75, Serial Number IMDLW03123. 2 Supp. CR 6–7, 33–34, 107 (TFB-Schrader000145).[1]

On November 20, 2013, the term of Schrader's previous insurance policy expired, and Schrader needed to renew the policy to continue to have coverage on the Tractors. 2 Supp. CR 7, 107 (TFB-Schrader000145). Texas Farm Bureau sent Schrader a request that Schrader pay premiums to renew his policy to continue coverage for his farming equipment, including the Tractors, for the period from

---

[1] For certain pages, the Second Supplemental Record page numbers are imprinted on top of bates numbers and therefore are difficult to read. For ease of reference, where the page number is unclear in the record, Texas Farm Bureau will provide the bates number that corresponds with the relevant page, in addition to the official page number in the record.

November 20, 2013 to November 20, 2014. 2 Supp. CR 7, 107–116 (TFB-Schrader000145–54). Under the terms of the insuring agreement, Schrader was required to pay an annual premium of $1,774 by November 20, 2013 to renew the policy. 2 Supp. CR 7, 108 (TFB-Schrader000146).

Schrader presented no evidence to the trial court that he sent the check to renew the policy before November 20, 2013. CR 20–24. In fact, Schrader acknowledged that he had no evidence that he wrote or mailed the premium payment before November 20 and recognized that Texas Farm Bureau did not receive the payment before November 20. 2 Supp. CR 7, 38–39, 42. On November 25, 2013, Texas Farm Bureau sent Schrader a past due notice, providing Schrader with additional time to renew his policy. 2 Supp. CR 8, 117 (TFB-Schrader000144). The notice stated that if Texas Farm Bureau did not receive the premium payment by December 5, 2013, "ALL COVERAGE AFFORDED BY THIS POLICY WILL BE CANCELLED EFFECTIVE 12:01 A.M., 12-05-13." 2 Supp. CR 8, 117 (TFB-Schrader000144) (emphasis in original). Texas Farm Bureau expressly stated in the notice that Schrader must "SEND THE PAYMENT SO THAT IT WILL REACH OUR OFFICE BY 12-05-13." 2 Supp. CR 117 (TFB-Schrader000144) (emphasis in original). Schrader presented no evidence to the trial court that he submitted the payment to Texas Farm Bureau by December 5, 2013. CR 20–24.

**II.    Schrader discovers the Tractors are missing and makes a claim.**

On Friday, December 13, 2013, Schrader called the Brazoria County Sheriff's Office to report the Tractors missing.  2 Supp. CR 8, 55–56.  An officer met Schrader at the field where Schrader had been keeping the Tractors and completed an Incident Report regarding the alleged theft.   2 Supp. CR 8, 56, 118 (TFB-Schrader000185).  The Incident Report states that the Tractors were last seen over a week earlier, on December 5, 2013 at 9:00 a.m.  2 Supp. CR 8–9, 118 (TFB-Schrader000185).

The following Monday, December 16, 2013, Texas Farm Bureau received a premium payment check from Schrader and issued a policy effective December 16, 2013 to December 16, 2014.  2 Supp. CR 9, 122 (TFB-Schrader000181).

Five weeks after reporting the Tractors missing to the sheriff's office, Schrader reported the thefts to Texas Farm Bureau and made a claim for the loss.  2 Supp. CR 9, 61.  Texas Farm Bureau investigated the claim and because Schrader had no coverage at the time of the loss, Texas Farm Bureau denied the claim.  2 Supp. CR 9, 134 (TFB-Schrader000143).

**III.    Schrader filed a lawsuit, and his claims are dismissed on summary judgment.**

Schrader sued Texas Farm Bureau on July 15, 2015 alleging claims for breach of contract, DTPA violations, and fraud, and seeking a declaratory judgment that the Tractors were covered at the time of their disappearance.  CR 4–10.  On July 26, 2016, after discovery established that the loss occurred between November 20, 2013

and December 16, 2013, Texas Farm Bureau filed a traditional and no-evidence summary judgment motion on all of Schrader's claims. 2 Supp. CR 6. Schrader responded to the motion on November 28, 2016. CR 20. Schrader did not argue that he timely paid the premium to renew his policy, nor did he argue that the loss occurred on or before November 20, 2013, when the previous policy was in effect. CR 20–24. Instead, Schrader argued that the Tractors were covered through at least December 5, 2013 at 12:01 a.m., regardless of whether he sent in his premium payment, and that the Texas Farm Bureau insurance agent had orally promised Schrader that he would be covered even if payment was received after December 5, 2013. CR 22–23. Schrader also asserted objections to Texas Farm Bureau's summary judgment evidence on the grounds that it was not properly authenticated and that Schrader's deposition transcript did not contain the errata sheet submitted months after it was due and well after the motion for summary judgment was filed. CR 124–26, 137.

The trial court granted Texas Farm Bureau's motion for summary judgment on December 15, 2016, finding that Schrader "take nothing in his claims against Defendant Texas Farm Bureau Underwriters." CR 141. The trial court did not state the reasons for its decision but held that "[h]aving considered the motion, the applicable law, the arguments of counsel, if any, and all other supporting and opposing papers, the Court is of the opinion that the motion should be GRANTED."

6

CR 141.  The court also overruled all of Schrader's evidentiary objections to Texas Farm Bureau's summary judgment evidence.  CR 142. Schrader filed a motion for new trial on January 17, 2017.  CR 160.  On February 3, 2017, the trial court denied the motion.  CR 177.

Schrader filed the present appeal on February 27, 2017.  CR 179.  The sole issue presented in Schrader's appeal is whether the trial court abused its discretion in granting summary judgment "since there was a genuine issue of material fact as to whether Schrader's loss occurred while the insurance policy was in effect."  Br. at x, 12.  Schrader does not challenge the trial court's ruling on his evidentiary objections to Texas Farm Bureau's summary judgment evidence.  Schrader also does not challenge the alternative grounds for granting summary judgment in favor of Texas Farm Bureau on Schrader's DTPA and fraud claims.

## SUMMARY OF ARGUMENT

The trial court's decision to grant Texas Farm Bureau's traditional and no-evidence summary judgment motion should be affirmed.  Schrader presented no evidence to show that there was an insurance policy covering the Tractors at the time of their loss, and the summary judgment evidence established that there was no such insurance policy in place at that time.  Schrader needed to timely submit his premium payment to renew his insurance policy.  He did not, and the result is that the Tractors were not covered by a Texas Farm Bureau insurance policy from November 20,

7

2013, when the previous policy ended, to December 16, 2013, when the new policy was issued upon receipt of a premium payment. There is no dispute that the Tractors went missing during this gap in coverage. Accordingly, Texas Farm Bureau properly denied Schrader's claim for coverage, and did so in good faith.

Schrader attempts to salvage his case on appeal by raising new arguments not made before the trial court. This is improper, and a *de novo* renew does not entitle Schrader to a second bite at the apple in responding to the summary judgment motion. The Court should disregard these new arguments. Moreover, Schrader's newly constructed bases for defeating summary judgment still do not raise a fact issue that would make the trial court's decision improper.

Finally, Schrader does not address his extra-contractual DTPA and fraud claims on appeal, and does not challenge the trial court's dismissal of those claims. In its summary judgment motion, Texas Farm Bureau established that it denied coverage in good faith, and Schrader presented no evidence to support these extra-contractual claims in its summary judgment response. The Court therefore should affirm the trial court's ruling on those claims.

## LEGAL STANDARD

Summary judgment is required in the trial court if there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). A defendant that conclusively negates at least one of the essential

8

elements of a cause of action is entitled to summary judgment. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997).

Under the no-evidence standard of Rule 166a(i), a defendant may move for summary judgment after adequate time for discovery, if there is no evidence supporting one or more of the essential elements of a claim on which the plaintiff would have the burden of proof at trial. TEX. R. CIV. P. 166a(i). A party may present both traditional and no-evidence summary judgment grounds in a single motion. *Binur v. Jacobo*, 135 S.W.3d 646, 650–51 (Tex. 2004).

An appellate court reviews an order granting summary judgment *de novo*. *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 215–16 (Tex. 2003). "When, as here, the trial court does not specify the grounds on which the judgment is based, [the court of appeals] will affirm the judgment if it is correct on any legal theory expressly placed at issue and supported by the evidence." *ERA Realty Grp., Inc. v. Advocates For Children & Families, Inc.*, 267 S.W.3d 114, 118 (Tex. App.— Corpus Christi 2008, pet. denied) (citing TEX. R. CIV. P. 166a(c); *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001) (per curiam)). "If the appellant fails to negate each ground on which the judgment may have been granted, the appellate court must uphold the summary judgment." *De Pino v. Jefferson-Pilot Life Ins. Co.*, No. 13-07-00367-CV, 2009 WL 866797, at *2 (Tex. App.—Corpus Christi Apr. 2, 2009, no pet.) (quoting *Haas v. George,* 71 S.W.3d 904, 912 (Tex. App.—Texarkana

2002, no pet.). *See also Heritage Gulf Coast Props., Ltd. v. Sandalwood Apartments, Inc.*, 416 S.W.3d 642, 653 (Tex. App.—Houston [14th Dist.] 2013, no pet.) ("If the appellant fails to challenge all grounds on which the judgment may have been granted, the appellate court must uphold the summary judgment.").

## ARGUMENT

### I. The Tractors were not covered by a Texas Farm Bureau insurance policy at the time of loss.

The foundation of Schrader's case is his argument that an insurance policy covered his Tractors at the time they disappeared. No insurance policy was in effect at the time of the Tractors' disappearance because Schrader failed to accept Texas Farm Bureau's offer to renew his insurance policy by timely submitting his premium payment, a clear condition of the insuring agreement. There is no dispute that the loss occurred sometime after the previous year's policy expired on November 20, 2013, and sometime before Texas Farm Bureau issued a policy covering the Tractors on December 16, 2013. Because the renewal policy that Texas Farm Bureau offered in November 2013 never went into effect, and because there is no dispute the loss occurred between November 20 and December 16, 2013, there is no fact issue precluding summary judgment.

**A.** **Texas Farm Bureau's offer of a renewal policy did not create a binding insuring agreement without Schrader's acceptance.**

"An insurance policy is a contract." *RSUI Indem. Co. v. The Lynd Co.*, 466 S.W.3d 113, 118 (Tex. 2015). As such, it requires both an offer on the part of the insurer and acceptance by the insured. *See Texas Farm Bureau Underwriters v. Rasmussen*, 410 S.W.3d 335, 338 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) ("An insurance policy constitutes a contract for a period of time covered by the contract. To renew a contract, the offer by the insurer to renew must be accepted by the insured completely and unequivocally."). The mere fact that the insurer may be offering to *renew* a policy does not change this fundamental fact. *See Zuniga v. Allstate Ins. Co.*, 693 S.W.2d 735, 738 (Tex. App.—San Antonio 1985, no writ) ("It is the general rule that a renewal of a policy constitutes a separate and distinct contract for the period of time covered by the renewal.").

The renewal policy that Texas Farm Bureau offered Schrader never went into effect because Schrader did not accept the policy by timely submitting a premium payment, a clear condition of the insuring agreement. The renewal certificate that Texas Farm Bureau sent Schrader, offering to renew the policy covering the Tractors for the November 20, 2013 to November 20, 2014 term, expressly states that the policy makes payment of the premium a condition of the renewal. 2 Supp. CR 107–108 (TFB-Schrader000145–46) ("In consideration of the payment of premium specified, the policy designated hereon is renewed . . . "). That the renewal of the

11

policy was conditioned on the payment of a premium is clear and unambiguous. *See Rasmussen*, 410 S.W.3d at 338 ("If, after applying the pertinent rules of construction, [an insurance] policy has a definite legal meaning, then it is unambiguous, and [courts] construe it as a matter of law.").

This condition in the renewal policy, requiring the payment of the premium in order for the policy to go into effect, is typical of insurance policies. *See id.* ("[T]he payment of the insurance premium in accordance with the provisions of the insurance policy is generally a condition precedent to establish liability against the insurer.") When a potential insured party fails to timely pay the renewal premium, the condition for acceptance of the renewal policy is not met, and the policy does not go into effect. *Hartland v. Progressive Cnty. Mut. Ins. Co.*, 290 S.W.3d 318, 322 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (holding that late payment "[left] appellant without insurance coverage when the accident occurred"); *see also Walker v. Fed. Kemper Life Assurance Co.*, 828 S.W.2d 442, 447 (Tex. App.—San Antonio 1992, writ denied) ("As a general rule, the failure to pay premiums when due causes the insurance policy to lapse and become ineffective.").

The renewal certificate required Schrader to pay for the renewal of his policy by November 20, 2013. 2 Supp. CR 108 (TFB-Schrader000146). Schrader presented no evidence that he paid for the renewal of his insurance policy by that date. CR 20–24. In fact, no such evidence exists. *See* 2 Supp. CR 38–39, 42. When

Texas Farm Bureau did not receive the premium payment from Schrader, Texas Farm Bureau sent Schrader a past due notice, giving him additional time to make the payment on the policy that it was offering for the November 20, 2013 to November 20, 2014 term. 2 Supp. CR 117. The past due notice specifically requires Schrader to "SEND THE PAYMENT SO THAT IT WILL REACH OUR OFFICE BY 12-05-13." 2 Supp. CR 117 (TFB-Schrader000144) (emphasis in original). Schrader acknowledged receiving the past due notice. 2 Supp. CR 62. Once again, Schrader presented no evidence to show that he complied with the past due notice, CR 20–24. Because Schrader did not timely submit payment, the renewal policy for the term of November 20, 2013 to November 20, 2014, never went into effect. 2 Supp. CR 107–108 (TFB-Schrader000145–46).

Instead, Texas Farm Bureau received payment for the insurance premium on December 16, 2013. The payment was received well after the renewal offer expired, and could not constitute acceptance under the terms of the renewal policy. *Kottke v. Scott*, 03-10-00071-CV, 2011 WL 1467194, at *3 (Tex. App.—Austin Apr. 14, 2011, no pet.) (holding that where offer must have been accepted during a certain period of time, acceptance after that time period lapsed did not create a binding contract). The premium check Texas Farm Bureau received on December 16 essentially constituted an offer by Schrader to have his farm equipment insured by Texas Farm Bureau; an offer that Texas Farm Bureau immediately accepted by

13

issuing a policy covering the Tractors with effective dates from December 16, 2013 to December 16, 2014. 2 Supp. CR 119, 122 (TFB-Schrader000178, 81). *See, e.g.*, *Hartland*, 290 S.W.3d at 323 (finding that when insured belatedly sent in premium payment for policy after time for renewing had lapsed, "there was no policy in existence" and the insurance company properly issued a "new policy effective on the date of payment"). Therefore, no Texas Farm Bureau insurance policy ever existed that covered the Tractors from November 20, 2013, when the previous insurance policy's term ended, to December 16, 2013, when the new policy was issued.

### 1. Schrader's new arguments against summary judgment on appeal are improper and do not create a fact issue.

On appeal, Schrader argues that there is a fact issue regarding whether Schrader complied with the renewal policy in submitting payment. Br. at 13–21. Throughout the brief's discussion of John Hendrick[2] and Mr. Hendrick's role as an agent of Texas Farm Bureau and the history of the mailbox rule, Schrader does not specifically identify what fact question makes the trial court's order granting summary judgment in error. Br. at 13–21.

---

[2] Schrader incorrectly refers to Mr. Hendrick as John Hendrix. The correct spelling of Mr. Hendrick's name is not relevant to this appeal.

Equally important as this failure to identify a fact question meriting reversal, these are new arguments raised for the first time on appeal. Schrader made two arguments to the trial court in opposing summary judgment. First, he argued that his Tractors were covered through at least December 5, 2013 at 12:01 a.m., regardless of whether he sent in his premium payment. CR 22. And second, Schrader argued that Mr. Hendrick orally promised that Schrader would be covered even if payment was received after December 5, 2013. CR 23. These arguments are both factually and legally incorrect. *See infra* at pp. 18, 21–22.[3] Schrader now argues additional reasons for reversing the trial court's decision, namely a fact

---

[3] Texas Farm Bureau argued in the trial court that Schrader could not defeat a no-evidence summary judgment motion simply by attaching documents to its summary judgment response, without citation or reference to them in the response. CR 133–34. "Under the Rules of Civil Procedure, the party seeking to avoid the effects of a well-pleaded no-evidence motion for summary judgment bears the burden to file a written response that raises issues preventing summary judgment, and that points to evidence supporting those issues." *Burns v. Canales*, No. 14-04-00786-CV, 2006 WL 461518, at *6 (Tex. App.—Houston [14th Dist.] Feb. 28, 2006, pet. denied). Schrader does not challenge this argument on appeal. Both Texas Farm Bureau and the trial court were entitled to rely on the arguments of the parties in the summary judgment record to determine the issues before the court. Schrader has not contended on appeal, and cannot argue, that he preserved any of the following arguments simply by attaching documents to his summary judgment response, without specific reference to those documents in his response. *See id.* (finding that the trial court is not required to "search through all of the non-movant's evidence to determine if a fact issue exists without any guidance concerning what evidence creates an issue on a particular element"). To the extent such argument is made, it should be rejected.

question about Mr. Hendrick's role as an agent of Texas Farm Bureau and the applicability of the mailbox rule.

Schrader cannot come up with new grounds to challenge the trial court's summary judgment ruling on appeal when he did not present these arguments to the trial court. It is contrary to Texas law, and fundamentally unfair, to claim that the trial judge acted in error for reasons that were not presented for his consideration. Even if such arguments are considered, summary judgment in favor of Texas Farm Bureau is still appropriate.

### a. Schrader cannot raise new arguments against summary judgment on appeal.

Schrader's attempt to challenge the trial court's summary judgment ruling with new arguments on appeal is improper, and these new arguments should be disregarded. "[I]n the context of summary judgments, a non-movant must 'expressly' present, in his written response or answer to a summary-judgment motion, any issues that would defeat the movants' entitlement to summary judgment." *Wakefield v. Ayers*, No. 01-14-00648-CV, 2016 WL 4536454, at *9 (Tex. App.—Corpus Christi Aug. 30, 2016, no pet.) (quoting *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341, 343 (Tex. 1993)). "To 'expressly' present an issue, the written answer or response to the summary-judgment motion must fairly apprise the movants and the trial court of any issue that the non-movant contends should defeat summary judgment." *Id.* "[T]he non-movant may not urge

16

on appeal as reason for reversal of the summary judgment any and every *new* ground that he can think of . . . ." *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979) (emphasis in original). "[T]he non-movant must now, in a written answer or response to the motion, expressly present to the trial court those issues that would defeat the movant's right to a summary judgment and failing to do so, may not later assign them as error on appeal." *Id.* at 678–79. Schrader's newly created arguments on appeal are improper and should not be considered. Moreover, as set forth below, they do not create fact issue that would make the court's order in error.

### b. The role of John Hendrick, a Texas Farm Bureau insurance agent, is irrelevant.

Schrader's discussion of Texas Farm Bureau agent John Hendrick and his role in this action does not create new grounds for reversal of the trial court's order. Texas Farm Bureau never argued in the trial court that John Hendrick was not its agent, and Schrader never engaged in any argument in the trial court regarding whether Hendrick was or was not an agent of Texas Farm Bureau. *See* Br. at 18. Neither party argued that the issue of whether Schrader should have sent the premium payment to Texas Farm Bureau's home office in Waco or to John Hendrick was in any way relevant to the summary judgment proceedings. *See* Br. at 18–19. The past due notice required that Schrader ensure that the payment reach Texas Farm Bureau by December 5, 2013. 2 Supp. CR 117 (TFB-Schrader000144). It did not.

17

Schrader sets forth no argument on appeal as to why Mr. Hendrick's role is relevant to any issue.

In the trial court, Schrader argued that Mr. Hendrick promised Schrader that if he mailed his check in, Schrader would have insurance coverage even if the payment was received after December 5, 2013. CR 23 This argument is abandoned on appeal. In any event, it was incorrect as a matter of law and unsupported by any facts. Schrader cited no evidence that Mr. Hendrick ever made such an assertion. CR 131. Moreover, an employee's statements cannot create insurance coverage by estoppel when it does not exist under the terms of the policy. *See Rasmussen*, 410 S.W.3d at 340 (rejecting the argument that "employees' statements created insurance coverage by estoppel" and noting that "[t]he Texas Supreme Court has long held, however, that the 'doctrine of estoppel cannot be used to create insurance coverage when none exists by the terms of the policy.'") (quoting *Utica Nat. Ins. Co. of Tex. v. Am. Indem. Co.*, 141 S.W.3d 198, 203 (Tex. 2004)). The policy itself confirms that Mr. Hendrick could not orally amend or waive any terms of the policy. 2 Supp. CR 115 (TFB-Schrader000153). Mr. Hendrick's role at Texas Farm Bureau and connection to Schrader simply did not create a fact issue precluding summary judgment.

### c. The "mailbox rule" is inapposite under the facts of this case.

Schrader next argues, for the first time on appeal, that "the 'mailbox rule' can come into play" in a case such as this one. Br. at 17. Notably, Schrader does not expressly argue that the mailbox rule applies, but instead suggests that it could be applicable in this type of case. As detailed above, this argument is not properly before this Court because it was not raised in the trial court. Moreover, it is incorrect as a matter of fact and law, and Schrader himself fails to explain exactly how and why it should apply in this case.

In any event, the "mailbox rule" does not preclude summary judgment in this case. The past due notice from Texas Farm Bureau makes expressly clear that it is the date of *receipt* by Texas Farm Bureau, not the date of mailing by Schrader, that is relevant to effectuating renewal of the policy. The notice requires Schrader to "SEND THE PAYMENT SO THAT IT WILL REACH OUR OFFICE BY 12-05-13." 2 CR 117 (TFB-Schrader000144). This language is clear and unambiguous that Texas Farm Bureau requires *receipt* by December 5, 2013, not simply putting a check in the mail on that date. Schrader never argued in his summary judgment response that he mailed the premium check before December 5, 2013. CR 20–24. Schrader has presented no facts or evidence that suggest that Texas Farm Bureau has ever had a practice of accepting late payments after it has issued a past due notice

expressly stating that the premium must be *received* by Texas Farm Bureau by a certain date.

Although Schrader cites two cases suggesting that the mailbox rule could still possibly apply even if the notice states that payment must be received by a certain date and time, these cases are inapposite. In *American Casualty Company of Reading, Pa. v. Conn*, 741 S.W.2d 536, 540 (Tex. App.—Austin 1987, no writ), there was a fact question regarding whether the insured ever received the past due notice. Therefore, the court's comments on the potential applicability of the mailbox rule were not based on the language in that notice but rather the parties' general practice of renewing policies. *Id.* The only case that has extended *Conn* to apply the mailbox rule even in the face of a past due notice is *Cox v. Gulf Ins. Co.*, 858 S.W.2d 615, 617 (Tex. App.—Fort Worth 1993, no writ).[4] The language in the notice in *Cox* was different than under the facts of this case and expressly requested that the premium payment be sent by "return mail." *Id.* at 616. The court in *Cox* focused on this specific "return mail" language in applying the mailbox rule. *Id.* *Cox* is distinguishable because the notice in this case does not expressly request the

---

[4] *Conn* has been cited in eleven opinions since it was published in 1987. The only opinion that cites *Conn* for the proposition that the mailbox rule could possibly still apply to a past due notice is *Cox*, the other case relied on by Schrader. *Cox* has only been cited in two opinions since it was published in 1993; neither opinion cites *Cox* or *Conn* for this point, or otherwise addresses the application of the mailbox rule to this specific context.

payment by "return mail" and could not more clearly state that payment must be received by Texas Farm Bureau by December 5, 2013. 2 Supp. CR 117 (TFB-Schrader000144). The mailbox rule does not apply under the facts of this case, and *Cox* and *Conn* are distinguishable and inapposite.

### 2. There was no insurance policy covering the Tractors between November 20, 2013 and December 5, 2013.

On appeal, Schrader assumes that the renewed insurance policy was in effect from November 20 until December 5, 2013, the date identified in the past due notice, but presents no facts or argument in support of this assertion. Br. at 23–24.[5]

Although the past due notice provided Schrader additional time to submit payment, it did not create a unilaterally binding contract on Texas Farm Bureau to provide insurance coverage from November 20 to December 5, 2013. As noted above, *see supra* at p. 11, an insurance policy is a contract that requires both offer and acceptance. *RSUI Indem. Co.*, 466 S.W.3d at 118; *Rasmussen*, 410 S.W.3d at 338. In the past due notice, Texas Farm Bureau offered Schrader an opportunity to renew his policy with a retroactive start date of November 20, 2013, if he submitted his premium payment so that it was received by Texas Farm Bureau by December 5, 2013. The notice did not, and could not, create a binding contract for insurance

---

[5] In the trial court, Schrader argued that the renewed insurance policy was in effect until December 5, 2013, regardless of whether Schrader ever made a premium payment. CR 22. Schrader has abandoned this argument on appeal.

21

without Schrader's acceptance.  Because Schrader did not timely submit his premium payment, and thereby indicate his acceptance of the renewed policy, the policy never went into effect.

The question of whether the Tractors were stolen on November 30, 2013 or December 5, 2013 is therefore irrelevant, and does not create a fact issue, because there was no insurance policy covering the loss under either scenario.[6]  Moreover, Schrader does not explain how a jury would be required to find for Schrader if the sole issue is whether the Tractors were stolen sometime between November 30 and December 5 at 12:01 a.m. or sometime between December 5 and December 13.  Br. at 25–28.  In fact, as Schrader acknowledges, he would have the burden of proof on that issue.  Br. at 24.  *See also Ulico Cas. Co. v. Allied Pilots Ass'n*, 262 S.W.3d 773, 781–82 (Tex. 2008) ("the insurer does not bear the burden of showing that it does not have a policy in place to cover a particular risk; the insured bears the burden to show that a policy is in force and that the risk comes within the policy's coverage").  Schrader admits to having no evidence to support the argument that it is more likely than not that the tractors were stolen in the first window.  Br. at 27.

---

[6]     The incident report from the Brazoria County Sheriff's Office states that the Tractors were last seen on December 5, 2013 at 9:00 a.m.  2 Supp. CR 118 (TFB-Schrader000185).  Schrader later claimed that this was not a precise date, and that he last saw the Tractors ten days to two weeks before December 13, 2013.  2 Supp. CR 57–58.

If there were an insurance policy in effect until December 5, 2013, which there was not, and the question about the date of loss were the sole issue, summary judgment would still be appropriate because Schrader has done nothing more than make the improbable inference that the Tractors could have been stolen before December 5, 2013. He must do more to survive summary judgment. *See, e.g.*, *First Union Nat. Bank v. Richmont Capital Partners I, L.P.*, 168 S.W.3d 917, 930 (Tex. App.—Dallas 2005, no pet.) ("To survive summary judgment, [plaintiff] must come forward with more than mere intuition, conclusory allegations, improbable inferences, and unsupported speculation."). As noted in Schrader's brief, "[n]o-evidence summary judgments are reviewed under the same legal sufficiency standard as directed verdicts. . . . [and] evidence is considered in the light most favorable to the nonmovant, crediting evidence a reasonable jury could credit and disregarding contrary evidence and inferences **unless a reasonable jury could not**." *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013) (emphasis added). A reasonable jury could not disregard the inference that it is more likely than not that the theft of the Tractors occurred on or after December 5, 2013, where Schrader has no evidence to suggest that it occurred before then.

## B. There is no dispute that the Tractors disappeared sometime after November 20, 2013 and before December 16, 2013.

There is no dispute among the parties that the disappearance of the Tractors occurred sometime after November 20, 2013 and before December 16, 2013. The

incident report from the Brazoria County Sheriff's Office is dated December 13, 2013, the date Schrader reported the loss to the sheriff's office. 2 Supp. CR 118 (TFB-Schrader000185). The report states that the Tractors were last seen on December 5, 2013 at 9:00 a.m. 2 Supp. CR 118 (TFB-Schrader000185). Schrader later claimed that this was not a precise date, and that he last saw the Tractors ten days to two weeks before December 13, 2013. 2 Supp. CR 57–58. Accepting this statement as true, the earliest possible date that the Tractors could have been stolen is November 30, 2013. Schrader makes no argument to the contrary.

## II. The trial court did not err in granting summary judgment on all of Schrader's claims.

Because there was no insurance policy in effect at the time the Tractors disappeared, the trial court properly granted summary judgment in favor of Texas Farm Bureau on all of Schrader's claims. Moreover, because Texas Farm Bureau acted in good faith and complied with its statutory obligations in communicating with Schrader regarding the claim, the trial court also properly granted summary judgment in favor of Texas Farm Bureau on Schrader's extra-contractual claims.

### A. Texas Farm Bureau did not breach a contract by denying coverage, when none existed at the time of loss.

Schrader's breach of contract claim failed because his claim was based entirely on Texas Farm Bureau's denial of coverage for the alleged theft of the Tractors. CR 6. In order to establish a breach of contract claim, Schrader must prove

(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *Texas Dep't of Transp. v. Crockett*, 257 S.W.3d 412, 416 (Tex. App.—Corpus Christi 2008, pet. denied). Because there was no contract providing insurance coverage for the Tractors at the time they disappeared, *see supra* at pp. 10–24, Schrader cannot establish any of the elements of a breach of contract claim. The trial court did not commit error in granting summary judgment in favor of Texas Farm Bureau on Schrader's breach of contract claim, and the ruling should be affirmed.

> ### B. Schrader's request for a declaratory judgment was properly dismissed for the same reasons as his breach of contract claim.

Schrader's request for a declaratory judgment that "the insurance policy agreement between Plaintiffs and Defendant is in full effect and does cover the property loss suffered by [Schrader]," CR 8–9, was properly dismissed on summary judgment for the same reasons as the breach of contract claim. 2 Supp. CR 11–12. Because there was no insurance coverage for the Tractors at the time that they were allegedly stolen, "the insurance policy agreement between Plaintiffs and Defendants"—regardless of how that is construed—did not cover the alleged theft of the Tractors. *See supra* at pp. 10–24. The trial court properly found that Texas Farm Bureau was entitled to summary judgment on this claim, CR 141, and this Court should affirm that holding.

**C.     Texas Farm Bureau did not violate the DTPA or commit fraud by denying coverage, and Schrader does not challenge the dismissal of these claims.**

Schrader's appeal focuses solely on the question of whether there was a fact issue regarding coverage of the Tractors at the time of loss.  Br. at x, 12.  Schrader does not raise his DTPA or fraud claims, much less identify any error in the trial court's decision to grant summary judgment in favor of Texas Farm Bureau on these claims.  Texas Farm Bureau moved for summary judgment on Schrader's DTPA and fraud claims on multiple grounds, not solely on the lack of coverage at the time of loss.  2 Supp. CR 12–15.  Schrader has abandoned these claims on appeal, and this Court should affirm the trial court's disposition of these claims.  *See, e.g., De Pino v. Jefferson-Pilot Life Ins. Co.*, No. 13-07-00367-CV, 2009 WL 866797, at *2 (Tex. App.—Corpus Christi Apr. 2, 2009, no pet.) ("If the appellant fails to negate each ground on which the judgment may have been granted, the appellate court must uphold the summary judgment.") (quoting *Haas v. George,* 71 S.W.3d 904, 912 (Tex. App.—Texarkana 2002, no pet.)).

## PRAYER

For these reasons, Texas Farm Bureau respectfully requests that the Court affirm the trial court's order granting summary judgment in favor of Texas Farm Bureau on all claims.  Texas Farm Bureau requests any such further and other relief to which it may be entitled.

26

Respectfully submitted,

JORDAN, LYNCH & CANCIENNE PLLC

*/s/Michael Cancienne*
Michael Cancienne
State Bar No. 24055256
Caroline Carter
State Bar No. 24078318
1330 Post Oak Blvd., Suite 2575
Houston, Texas 77056
Telephone: 713.955.4025
Facsimile:   713.955.9644
mcancienne@jlcfirm.com
ccarter@jlcfirm.com

ATTORNEYS FOR APPELLEE
TEXAS FARM BUREAU
UNDERWRITERS

**CERTIFICATE OF COMPLIANCE**

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), I hereby certify that, according to the word count of the computer program used to prepare this document, the document contains 6,608 words.

*/s/ Caroline Carter*
Caroline Carter

## CERTIFICATE OF SERVICE

I certify that on October 5, 2017 a true and correct copy of Appellee's Response Brief was served via electronic service on the following counsel of record:

*Counsel for Appellant William Robert Schrader:*

Walter James Kronzer
wkronzer@kronzer.com
Walter James Kronzer, III, P.C.
3000 Weslayan, Suite 247
Houston, Texas 77027-5753

Howard H. Singleton
singletonlaw@sbcglobal.net
Singleton Law Firm
109 East Milam
Wharton, Texas 77488

*/s/ Caroline Carter*
Caroline Carter